Girtha Ree COLLINS, Appellant,

v.

Bill FLATTE et al., Appellees.

No. 8855.

Court of Civil Appeals of Texas, Texarkana.

Feb. 24, 1981.

M. Mark Lesher, Lesher & Doshier, Texarkana, for appellant.

Lynn Cooksey, Texarkana, for appellees.

BLEIL, Justice.

Girtha Ree Collins brought this suit on alternative bases of breach of contract and violation of the Deceptive Trade Practices-Consumer Protection Act. After the answer was filed on behalf of the appellees, appellant then filed her demand for a jury trial. On March 7, 1980, the cause was dismissed for want of prosecution by the 202nd Judicial District Court. On April 9, 1980, the 102nd Judicial District Court denied her motion to reinstate, citing lack of jurisdiction as the basis for its denial.

Appellant Collins has perfected this appeal. She asserts that the trial court abused its discretion in failing to reinstate the cause and that the order of dismissal should not have been with prejudice to her right to file a subsequent suit.

Girtha Ree Collins filed suit alleging breach of contract and violation of the Texas Deceptive Trade Practices-Consumer Protection Act against Bill Flatte, Roe Henley, Dearl Benson, d/b/a United Bonding Company, and/or United Bonding Company, Inc. The appellees were duly served and thereafter filed an original answer on October 27, 1977. Appellant Collins on September 8, 1978, filed her demand for a jury trial and the cause was placed upon the jury docket.

The local rules of the district courts in Bowie County, Texas, require that cases be prosecuted within two years after their filing or be subject to dismissal for want of prosecution. This cause was published on a dismissal docket by the District Clerk of Bowie County for the reason that it was more than two years old and thereafter was set for trial during the week of March 24, 1980, with a pretrial to be held March 7, 1980, at 9:00 o'clock a.m. At the date and time set for pretrial, this cause was called for announcement and neither Appellant Collins nor anyone on her behalf appeared. No announcement was made on her behalf. The judge of the 202nd Judicial District Court, presiding at that pretrial conference, then announced that this cause was dismissed for want of prosecution and a written order dismissing the case was entered that day.

After March 7, 1980, and upon request, the judge of the 202nd Judicial District Court responded that he would not take any action upon a request for reinstatement without a hearing and after due notice to appellees' counsel. On April 7, 1980, the judge of the 102nd Judicial District Court held a hearing and determined that it had no jurisdiction to overrule or supersede the order of the 202nd Judicial District Court, dismissing the above cause with prejudice, and on the 9th day of April, 1980, signed an order denying the motion to reinstate.

The appellant argues that the failure of her counsel to attend the pretrial conference was not the result of a conscious indifference, but was due to an accident or mistake. Soon after learning of the action of the court dismissing the cause, a motion to reinstate was filed. Rule 165a of the Texas Rules of Civil Procedure provides that,

> "Within thirty days after the signing of the order of dismissal, the court shall reinstate the case upon finding, after hearing, that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake ...."

We agree that the trial court should liberally construe Rule 165a to the end that all parties be allowed to receive a just determination of their grievances on the merits. *Mayad v. Rizk*, 554 S.W.2d 835 (Tex.Civ. App.—Houston [14th Dist.] 1977, writ ref'd n. r. e.); *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (1939). Ordinarily an order failing to reinstate a cause dismissed for want of prosecution would be

reviewed by this Court to determine whether the trial court abused its discretion. This appeal is from the order of March 7, 1980, dismissing this cause "with prejudice" for want of prosecution and from the April 9, 1980, order denying the motion to reinstate.

There is nothing in the record to indicate the reason that the motion to reinstate was heard by the 102nd Judicial District Court notwithstanding the fact that the 202nd Judicial District Court had entered the order of dismissal in this cause. In any event, no action was taken within thirty days of March 7, 1980, and the 102nd Judicial District Court correctly determined that on April 9, 1980, it was without jurisdiction to reinstate the cause. Even if that court had ordered reinstatement, such order would have been void in that reinstatement must be by written order within thirty days of the dismissal. *Walker v. Harrison*, 597 S.W.2d 913 (Tex.1980); *McCormack v. Guillot*, 597 S.W.2d 345 (Tex.1980); *Reese v. Piperi*, 534 S.W.2d 329 (Tex.1976). In this case, no action was ever taken on the motion to reinstate by the 202nd Judicial District Court.

In ordering the motion to reinstate denied, the 102nd Judicial District Court did so on the express grounds that a district court of concurrent jurisdiction cannot supersede, modify, amend or overrule the order of another district court. This was an additional ground for lack of jurisdiction of the 102nd Judicial District Court to order reinstatement on April 9, 1980. *Curtis v. Gibbs*, 511 S.W.2d 263 (Tex.1974).

Appellant correctly asserts that an order dismissing with prejudice is a judgment on the merits, and that a dismissal for want of prosecution for any reason is not a trial on the merits and may not be made with prejudice. The order of dismissal in this cause was in no manner an adjudication of the rights of the parties; it simply placed them in the position they were in prior to the filing of the suit. *Crofts v. Court of Civil Appeals*, 362 S.W.2d 101 (Tex.1962); *U. S. Fidelity & Guaranty Co. v. Beuhler*, 597 S.W.2d 523 (Tex.Civ.App.—Beaumont 1980, no writ); *Schenker v. City of San Antonio*, 369 S.W.2d 626 (Tex.Civ.App.—San Antonio 1963, writ ref'd n. r. e.); 4 McDonald's, Texas Civil Practice § 17.20. The trial court did not err in dismissing the cause of action for want of prosecution or in failing to reinstate the cause thereafter by reason of lack of jurisdiction. None of the actions taken by the trial court could be termed a trial on the merits and the court erred in dismissing this suit "with prejudice." We therefore reform the judgment to strike these two words from the judgment entered.

The order of dismissal is reformed to delete "with prejudice" and as reformed, the order is affirmed.