Jim BUCHANAN, Appellant,

v.

Jonathan MASOOD, Prudential Insurance of America d/b/a College Inn, and Bromley Operating Corporation, Appellees.

No. 9348.

Court of Appeals of Texas, Amarillo.

March 23, 1982.

Russell D. Daves, Lubbock, for appellant.

Crenshaw, Dupree & Milam, Layton Z. Woodul, Sr., Lubbock, for appellees.

Before DODSON, COUNTISS and BOYD, JJ.

COUNTISS, Justice.

This appeal is from a judgment dismissing a suit by appellant Jim Buchanan (hereafter "Buchanan") against appellees Jonathan A. Masood and others (hereafter "appellees"). The single point of error present-

ed by Buchanan requires this court to determine whether the trial court erred in dismissing the case and refusing to reinstate it. We affirm.

Buchanan filed suit against the appellees on September 27, 1978, alleging their responsibility for publication of a false, malicious, and defamatory letter about him and seeking $10,000 in damages. The appellees responded with defensive pleadings and a counterclaim. Beginning in February, 1980, the case was called for trial at several docket calls and all parties announced ready, but the case was never reached.

On Friday, December 12, 1980, the case was again called at docket call, all parties announced ready and the case was set as the number eight case for the following Monday, December 15. On Monday afternoon, the trial judge called the office of Buchanan's counsel and left word with a secretary that the case would go to trial on Tuesday, December 16, 1980, at 9:00 a. m.[1] When Buchanan's counsel did not appear Tuesday at 9:00 a. m., the trial judge called him at his office and told him to be in court by 9:30 a. m. in order to begin jury selection. Buchanan's counsel arrived at the courtroom within a few minutes, *sans* Buchanan or witnesses, and a discussion ensued between all counsel and the court. Upon the representation that Buchanan was at work, but would be available with his witnesses the next day, the trial judge told counsel he would permit them to pick a jury that day and begin testimony the next morning.

Soon thereafter, and before the voir dire examination had commenced, Buchanan appeared in the courtroom. Further discussion then ensued between the court and counsel. The court, after overruling an oral motion for continuance by Buchanan's counsel,[2] ordered the parties to select a jury and told counsel to "use the witnesses that you've got, and then we'll go ahead and continue until tomorrow." After more discussion, the following exchange occurred between the court and Buchanan's counsel:

MR. DAVES: Are you instructing me to voir dire the jury?

THE COURT: Yes, we'll proceed, it reached its order on the docket, and we'll proceed to trial.

MR. DAVES: Your Honor, I assume from the Court's previous admonishments, that if I refuse to participate in the trial, the Court will hold me in contempt of Court?

THE COURT: No, if you refuse to participate, I'll just dismiss the case.

MR. DAVES: Well, I refuse to participate, Your Honor, and my Motion for Continuance being denied, and not being given the opportunity to get my witnesses for trial.

THE COURT: Very well.

After the occurrence of other matters not pertinent here, the following discussion ensued:

MR. DAVES: And we'd renew our Motion for Continuance for one day, Your Honor, until 9:00 o'clock tomorrow morning.

THE COURT: All right. Now, I've already told you that you could go ahead and put the witnesses on that you have available at this time, and we will then permit you a postponement until in the morning. Now, that's as far as I'm going.

MR. DAVES: Well, in regard to witnesses I have available, I have no witnesses to call in order—

THE COURT: Well, you've got your client here.

---

1. The evidence is disputed on the number of calls made to the office of Buchanan's counsel by the trial judge and the exact content of the messages. However, there is an unchallenged finding of fact in the judgment, *Young v. Young*, 609 S.W.2d 758, 761 (Tex.1980), that "on the 15th day of December, 1980, the Court gave notice to the attorneys of record for the Plaintiff and Defendant that the trial of this cause would commence on the morning of December 16, 1980."

2. The motion was later reduced to writing but is unsworn. Granting or denying a continuance rests within the sound discretion of the trial judge. *Hernandez v. Heldenfels*, 374 S.W.2d 196, 202 (Tex.1964).

MR. DAVES: Well, I have other witnesses to call ahead of my client, Your Honor, and I am not ready to proceed, I'm not ready to voir dire the jury panel on this case.

\*   \*   \*   \*   \*   \*

THE COURT: All right. Now, is the Plaintiff telling the Court then that he will not prosecute his case today?

MR. DAVES: No, sir, if my continuance is not granted, I'm not prepared to prosecute my case today, and I cannot.

THE COURT: All right. Then the Court will dismiss for failure to prosecute.

MR. DAVES: Thank you, Your Honor.

After the trial court dismissed the case, Buchanan filed a motion for reinstatement, alleging that his failure to go to trial "was not intentional or the result of conscience [sic] indifference, but was due to the failure of Plaintiff to receive actual notice with sufficient time to appear, with his witnesses, and go to trial." The trial court heard, and denied, the motion.

At the motion hearing Buchanan testified that he was aware his case was set for trial the week of December 15, but was not aware of the exact date until he received a telephone call from his counsel on the morning of the trial. He also testified he decided to refuse to proceed to trial because he was not able to present his witnesses and was not properly dressed for trial. Buchanan admitted, on cross-examination, that on the day of trial he had not asked for an opportunity to change clothes.

Buchanan's counsel testified that he attended the docket call on December 12 and that the case was originally set as the first case for Monday, December 15. He requested the case be continued until after Monday because of a conflict and announced ready subject to his Monday conflict. The court then set the case as the number eight case for the trial week. Counsel further testified that, shortly after he arrived at his office at approximately 9:00 a. m. on Tuesday, December 16, the trial judge called him and told him the case

was going to trial at 9:30. Thereafter, counsel went to the courthouse and the events leading to the dismissal occurred.

Counsel admitted, on cross-examination, that he had intended to call only one witness, in addition to Buchanan, when presenting his case in chief. The witness was in Odessa, approximately a three-hour drive from the courthouse, and counsel wanted that witness to testify before Buchanan testified. Counsel also admitted that it probably would have taken all morning to pick the jury and testimony would not have commenced before 1:00 p. m., but he did not contact the Odessa witness after he learned the case was going to trial.

The trial judge then made statements for the record concerning his calls to Buchanan's counsel and offered counsel an opportunity to cross-examine him. Counsel replied, "No, sir, I have no dispute as to what you said occurred." The motion for reinstatement was denied.

In this court, Buchanan contends the trial court erred in dismissing the case and refusing to reinstate it. We do not agree.

Initially, it is necessary to define the perimeters within which this case is to be resolved. This is not a Rule 165a case.[3] *See Veterans' Land Bd. v. Williams*, 543 S.W.2d 89, 90 (Tex.1976); *Calaway v. Gardner*, 525 S.W.2d 262, 264 (Tex.Civ.App.— Houston [14th Dist.] 1975, no writ). The case was not dismissed for any of the reasons specified under Rule 165a and the reinstatement procedures specified in that rule are not applicable. *Metal Enterprises, Inc. v. Don Love, Inc.*, 559 S.W.2d 90 (Tex.Civ. App.—Houston [1st Dist.] 1977, no writ).

We are, instead, dealing with the inherent power of a court. One of the fundamental powers possessed by a trial court is the power to dismiss a case when a litigant refuses to prosecute the case. *Bevil v. Johnson*, 157 Tex. 621, 307 S.W.2d 85, 87 (1957). When an appellate court reviews either a dismissal, or a refusal to reinstate after dismissal, for failure to prosecute, there is but a single inquiry: did the trial

---

3. All references to Rules refer to the Texas Rules of Civil Procedure.

court abuse its discretion? *Wm. T. Jarvis Co., Inc. v. Wes-Tex Grain Co.,* 548 S.W.2d 775, 778 (Tex.Civ.App.—Waco 1977, writ ref'd n. r. e.).

■ We can find no abuse of discretion by the trial judge in dismissing this case. Buchanan and his counsel knew the case was set for trial the week of December 15. Counsel and the litigant are obligated to keep informed of the condition of the docket under such circumstances. However, the trial judge personally sent word to counsel of the time when he should be in court, called him again when he did not appear, gave him additional time to get to court (instead of taking action under Rule 165a) and devised a reasonable and fair plan for proceeding with the case when it became apparent that counsel was not ready for trial. The absolute refusal of Buchanan and his counsel to cooperate gave the trial judge no choice except to dismiss the case.[4] *Burger v. Young,* 78 Tex. 656, 15 S.W. 107 (1890).

■ It is equally apparent that the trial court did not abuse its discretion in refusing to reinstate the case.[5] Buchanan was unable to present a single justification for his refusal to proceed with the case. He did not establish an absence of proper notice,[6] he failed to demonstrate the importance of presenting the Odessa witness first, he did not negate the suggestion that the witness still could have been in court in time to testify if he had been called on the day of trial, and there was no evidence the trial court was ever asked to give Buchanan a chance to change into more suitable clothing.

Buchanan's point of error is overruled. The judgment of the trial court is affirmed.

4. The denial of the motion for continuance is not assigned as error but would not be error in any event, since the motion did not comply with Rules 251 and 252.

5. Since this is not a Rule 165a case, the motion for reinstatement filed by Buchanan is actually a motion for new trial. It was treated as such by the trial court and we have reviewed the

trial court's action thereon in order to give full consideration to Buchanan's contentions.

6. Buchanan does not contend that he failed to receive "reasonable notice of not less than 10 days" under Rule 245. In any event, at docket call his counsel agreed to the setting, as permitted by Rule 245, so the rule was not violated.