Grover **MELTON** and Judith
Melton, Appellants,

v.

Kenneth **RYANDER**, Dewcommon
Metals, and Centaur Metal
Services, Appellees.

No. 05–86–00378–CV.

Court of Appeals of Texas,
Dallas.

Feb. 19, 1987.
Rehearing Denied March 26, 1987.

David K. Line, Dallas, for appellants.

R. Brent Cooper, Cynthia A. Shea, Dallas, for appellees.

Before DEVANY, McCLUNG and THOMAS, JJ.

DEVANY, Justice.

Grover and Judith Melton appeal the dismissal of their tort action for want of prosecution. The Meltons sued the defendants below, appellees herein, based on an automobile accident. When the Meltons failed to appear for trial, the trial court dismissed their case for want of prosecution. The Meltons raise three points of error, claiming (1) that the trial court erred when it overruled their motion to reinstate because there was no evidence, or in the alternative, insufficient evidence to show that their failure to appear for trial was either intentional or the result of conscious indifference; (2) that the trial court erred when it overruled their motion for new trial because there was no evidence, or in the alternative, insufficient evidence, to show that their failure to appear at trial was either intentional or the result of conscious indifference; and (3) that the trial court erred in dismissing the case with prejudice for the reason that a dismissal under Rule 165a of the Texas Rules of Civil Procedure is not an adjudication on the merits. We find no merit in the Melton's first and second points of error, accordingly, we affirm with respect to those points. We agree with the Melton's third point of error, however, and we reform the judgment accordingly.

In order to fully address the Meltons' claims, we must examine the history of this case. The Meltons filed suit on July 5, 1984. The Meltons conducted no discovery in this tort action. On October 2, the defendants below served written interrogatories and requests for production on the Meltons. When the Meltons did not re-

spond to these requests, the defendants filed a motion to compel, which was heard on September 27, 1985. After having heard arguments of counsel, the trial court entered an order of dismissal under Rule 215 of the Texas Rules of Civil Procedure, based on the Meltons' failure to diligently prosecute the case and to respond to reasonable discovery requests. After the suit was dismissed, the Meltons responded to the outstanding discovery requests, and the case was later reinstated and set for trial on January 6, 1986.

Pursuant to local rules, the Meltons' attorney announced ready for trial on January 2, 1986, the Thursday prior to the Monday date of January 6. He was informed that his case was number thirteen on the docket. On Monday, January 6, the record discloses that the clerk of the court called his office. The Meltons' attorney was not available, and the clerk then left a message that the plaintiffs were to be in court on Tuesday, the following day, at 9:00 a.m., with their proposed jury charge.

On that following day, Tuesday, by coincidence, at 8:30 a.m., the Meltons' attorney telephoned the court and stated that he would not be able to attend another hearing set at that time on a different case because he had to take his children to school. He instructed the clerk to tell the judge to rule on his motion in the other case without him, since the earliest he could get to the court was at 9:15 a.m. During that conversation, he did not inquire as to the status of the Meltons' case. When he did not appear for trial at 9:00 a.m., the court requested the clerk to call his office to ascertain why he had not appeared for trial. This call was placed by the court clerk at 9:30 a.m. The person answering this call at the office informed the court clerk that the Meltons' attorney was out of the office and would not be in until 10:30 or 11:00 a.m. The court clerk advised the person she spoke to that the Meltons' attorney had been called to trial that day and asked that person to inform him of this fact. The case was then dismissed for want of prosecution on the motion of the defendants.

At the hearing on the Meltons' motion for new trial and motion to reinstate, their attorney presented evidence in an attempt to prove that he had never actually received the message from the court on Monday, January 6, that the case was called to trial. He called both his receptionist and his personal secretary to testify that they had never received any messages from the court about the trial setting on either January 6 or January 7. He introduced into evidence the record of all phone messages received at his office on those dates. The record did not reveal any messages from the court. The court clerk also testified as to the calls that she had made to the law office both on Monday, January 6, and Tuesday, January 7. The Meltons' attorney also testified that he did not know the case had been called to trial until he received the court's Order of Dismissal on Wednesday.

 In their first and second points of error, the Meltons have asked this court to review the sufficiency of the evidence to support the trial court's ruling on their motion to reinstate and their motion for new trial. However, this is not the correct standard of review. When an appellate court reviews a refusal to reinstate after a dismissal for failure to prosecute, the sole inquiry is whether the trial court abused its discretion. *Buchanan v. Masood*, 631 S.W.2d 219, 221 (Tex.App.—Amarillo 1982, no writ). In resolving the question of whether a case should be dismissed for want of prosecution, the trial court is entitled to consider the entire history of the case. *Moore v. Armour & Co., Inc.*, 660 S.W.2d 577, 578 (Tex.App.—Amarillo 1983, no writ). The rule which permits a judge to dismiss a case for want of prosecution is TEX.R.CIV.P. 165a. Rule 165a provides, in pertinent part:

A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief or his attorney to appear for any hearing or trial of which the party or attorney had notice ... The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not inten-

tional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained. TEX.R.CIV.P. 165a (1) and (2). Likewise, a motion for new trial should be granted in cases where the failure of the defendant or his attorney to appear for trial "was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident...." *See Kirk v. Farmers Aerial Spraying Service, Inc.*, 496 S.W.2d 739, 741 (Tex.Civ.App.—Amarillo 1973, no writ); *see also Strackbein v. Prewitt*, 671 S.W.2d 37, 39 (Tex.1984). The motion for new trial must also set up a meritorious defense, and must be filed at a time when granting the motion will not cause delay or otherwise injure the non-defaulting party. *Strackbein*, 671 S.W.2d at 39.

■ Thus, the question before us is whether the trial court abused its discretion when it found that the Meltons failed to appear at trial, intentionally or as the result of conscious indifference. We hold that the court did not abuse its discretion. The evidence showed that the Meltons' attorney did not make any inquiries concerning the status of their case on the docket after Thursday, January 2, the day he announced ready. On that day he knew that *Melton v. Ryander* was thirteenth on the docket for the following week. He made no further inquiries concerning the status of the case. In fact, the Meltons' attorney admitted in oral argument before this court that when he went home on Monday night, January 6, he did not have any idea what the status of the case was on the docket. When an attorney fails to make reasonable inquiries concerning his pending litigation, he fails to exercise due diligence. *Conrad v. Orellana*, 661 S.W.2d 309, 313 (Tex.App. —Corpus Christi 1983, no writ) (attorney's failure to exercise due diligence will cause bill of review to fail). "It is essential to the proper dispatch of the business of the courts that the attorneys be present when their cases are called; a strong showing should be made to excuse the absence of an attorney on such an occasion." *Sandstrum v. Magruder*, 510 S.W.2d 388, 391 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n.r.e.). The Meltons cite *Sandstrum* and another case, *S.B. & T. Gem Imports, Inc. v. Creswell*, 671 S.W.2d 145 (Tex.App.—Houston [1st Dist.] 1984, no writ), as authority that this case should be reinstated because the failure of their attorney to appear at trial was the result of accident or mistake. We cannot agree. In *Sandstrum*, the attorney failed to appear for trial because he was caught in unexpected severe weather conditions which forced him to drive no faster than twenty-five miles per hour. 510 S.W.2d at 390. In *S.B. & T. Imports*, the attorney had been calling the court almost every day to ascertain where she was on the docket. She had informed her receptionist to expect the court's call on the day of trial and was waiting for the call. The court clerk called the attorney's firm but left a message for the wrong attorney. When the attorney trying the case learned of the mistake, she immediately left for the courthouse and arrived less than an hour after the original time the case was set for trial. 671 S.W.2d at 146–47. We agree that in both of those cases the trial court abused its discretion when it failed to reinstate the case. However, this case presents a different situation. The evidence shows that on Thursday, January 2, the Meltons' attorney was aware that this case was thirteenth on the docket and, certainly, that it would progress *toward* number one during the following week, but he was consciously indifferent as to its progress. He knew or should have known that, under Dallas Local Rule 1.21(a), he and his clients were required to be available upon a phone call from the clerk. On the two occasions when the court clerk did call the Meltons' attorney, she was informed that he was out of the office. Since the Meltons' attorney knew the case was set for trial that week, *he* had a duty to keep in touch with the court on the progress of the court's docket. *Buchanan*, 631 S.W.2d at 222. He failed to fulfill this duty. We hold that the attorney in this case failed to exercise due diligence in checking on his pending litigation; therefore, the trial court did not abuse its

discretion when it overruled the Meltons' motion to reinstate and motion for new trial. *See Veterans' Land Board v. Williams*, 543 S.W.2d 89, 90 (Tex.1976). The history of this case, including the prior dismissal, further supports our holding that the trial court did not abuse its discretion. *Moore*, 660 S.W.2d at 578. Appellants' first and second points of error are overruled.

■ In their third point of error, the Meltons assert that the trial court erred in dismissing their case *with prejudice*, since a dismissal for want of prosecution is not an adjudication on the merits. We agree. When a case is dismissed for want of prosecution, it is error for the trial court to dismiss the case with prejudice. *Maldonado v. Puente*, 694 S.W.2d 86, 92 (Tex.App. —San Antonio 1985, no writ); *Collins v. Flatte*, 614 S.W.2d 580, 582 (Tex.Civ.App.— Texarkana 1981, no writ); *Willis v. Barron*, 604 S.W.2d 447, 450 (Tex.Civ.App.— Tyler 1980, writ ref'd n.r.e.). The order of dismissal in this case was not an adjudication of the rights of the parties; instead, it simply placed them in the position they were in prior to the filing of the suit. *Collins*, 614 S.W.2d at 582. Because the rights of the parties have not been adjudicated, the court erred in dismissing the Melton's suit with prejudice. We, therefore, reform the judgment to strike the words "with prejudice" from the judgment entered. *Collins*, 614 S.W.2d at 582.

The order of dismissal is reformed to delete the words "with prejudice" and as reformed, the order is affirmed.