IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-536-CV





DANIEL A. MORALES,



 APPELLANT


vs.





STEPHEN S. DURISH, INDIVIDUALLY,


AND AS RECEIVER FOR CARRIER'S INSURANCE


COMPANY, T. COLEMAN EXPRESS AND JAMES ALLEN JENSEN,




 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT



NO. 466,425, HONORABLE JOHN K. DIETZ, JUDGE



 




PER CURIAM

 This cause is before us on a petition for writ of error. Tex. R. App. P. Ann. 45
(Pamph. 1992). Appellant Daniel Morales seeks review of an order dismissing with prejudice
his cause of action for want of prosecution. We will reform the district court's order, and, as
reformed, affirm the order.



BACKGROUND


 Daniel Morales was involved in an automobile collision on September 5, 1985. 
James Allen Jensen drove the truck that struck Morales' vehicle. On the date of the accident,
Jensen's employer was T. Coleman Express, a corporation. Coleman's insurer was Carrier's
Insurance Company (Carrier's). Morales filed a claim with Carrier's for his injuries and
damages, and subsequently filed two proofs of claim against Carrier's in receivership. On July
8, 1987, having received no response from the ancillary receiver, Morales filed a lawsuit in Hale
County to stop the statute of limitations from running on his claim. 

 Subsequently, the district court of Travis County appointed Stephen S. Durish
receiver in Carrier's delinquency proceeding in that court. On June 13, 1989, Durish's office
notified Morales that it had rejected 95% of his claim. Morales filed suit in the district court of
Travis County asking that court to set aside the receiver's rejection of his claim. Tex. Ins. Code
Ann. art. 21.28, § (3)(h) (Supp. 1992). (1)

 On April, 4, 1991, Eugene A. Brodhead, successor in interest to Stephen S. Durish
in his capacity as ancillary receiver for Carrier's, filed a motion to dismiss Morales' suit for want
of prosecution pursuant to Tex. R. Civ. P. Ann. 165a(2) (Supp. 1992). On May 1, 1991, the trial
court granted the motion and ordered the cause dismissed with prejudice. Morales seeks review
of the trial court's order by petition for writ of error. (2)



DISCUSSION


 The elements for review by petition for writ of error are: (1) the petition must be
brought within six months of the date of judgment; (2) by a party to the suit; (3) who did not
participate in the trial; and (4) error must be apparent from the face of the record. Tex. Civ.
Prac. & Rem. Code Ann. § 51.012, .013 (1986); Tex. R. App. P. Ann. 45 (Pamph. 1992); DSC
Finance Corp. v. Moffitt, 815 S.W.2d 551, 551 (Tex. 1991). The record in this case shows that
the first three elements have been met. We turn to the fourth element.

 In a single point of error, Morales asserts that the trial court committed
fundamental error when it dismissed his cause of action for want of prosecution with prejudice. 
 The order reflects that the dismissal for want of prosecution is with prejudice. 
Although the receiver concedes the dismissal with prejudice is erroneous, he argues that the
inclusion of the phrase "with prejudice" does not harm Morales' legal rights in any way. We
disagree. 

 A dismissal for want of prosecution is neither an adjudication on the merits, nor
a bar to refiling the case. Rizk v. Mayad, 603 S.W.2d 773, 775 (Tex. 1980); Melton v. Ryander,
727 S.W.2d 299, 303 (Tex. App. 1987, writ ref'd n.r.e.). The order of dismissal places the
parties in the position they were in before the filing of the suit. Crofts v. Court of Civil Appeals,
362 S.W.2d 101, 104 (Tex. 1962, orig. proceeding); Collins v. Flatte, 614 S.W.2d 580, 582
(Tex. Civ. App. 1981, no writ). The inclusion of the phrase "with prejudice" does not place the
parties in the same position they were before the filing of the suit because it is an adjudication on
the merits, and it bars Morales from refiling his cause. Collins, 614 S.W.2d at 582. For the
reasons stated, the error complained of is not harmless. 

 Morales argues that the error is fundamental, citing Melton, Maldonado v. Puente,
694 S.W.2d 86, 92 (Tex. App. 1985, no writ), and Collins. In his brief, Morales prays that we
reverse the trial court's order and remand the cause to the trial court for reinstatement. 

 The cases Morales relies on do not hold that dismissal for want of prosecution with
prejudice is fundamental error. Fundamental error survives today in those rare instances in which
the record shows the court lacked subject matter jurisdiction or that the public interest is directly
and adversely affected as that interest is declared in the statutes or the Constitution of Texas. 
Pirtle v. Gregory, 629 S.W.2d 919, 920 (Tex. 1982). While there is error apparent on the face
of the record it is not fundamental. The trial court had the power to dismiss a cause for want of
prosecution (3) and the trial court did not err in doing so. The trial court exceeded its jurisdiction
only to the extent that it dismissed the cause with prejudice. The appropriate remedy here is not
reinstatement, but reformation of the judgment. Melton, 727 S.W.2d at 303; Collins, 614 S.W.2d
at 582. We therefore reform the judgment to strike the words "with prejudice." We grant
appellant's point of error on the limited basis that inclusion of the phrase "with prejudice" is
erroneous. 

 The order of dismissal is reformed to delete the words "with prejudice" and, as
reformed, affirmed.


[Before Justices Powers, Jones and Kidd]

Reformed and, as Reformed, Affirmed

Filed: August 26, 1992

[Do Not Publish]
1. [1]  Section 3(h) requires a claimant who desires to bring an action challenging the receiver's
rejection of his claim to do so in the court in which the delinquency proceeding is pending within
three months after the claimant receives notice that the receiver rejected all or part of his claim. 
Otherwise the action of the receiver shall be final and not subject to review. The action must be
filed separate from the delinquency proceeding. Tex. Ins. Code Ann. art. 21.28, § 3(h) (Supp.
1992).
2. [2]  Morales did not file a motion to reinstate in the trial court. Tex. R. Civ. P. Ann. 165a(3)
(Supp. 1992). This does not preclude our consideration of his complaint if he satisfies the
requirements for review by petition for writ of error. See Tex. R. Civ. P. Ann. 165a(4) (Supp.
1992) (Rule 165a dismissal and reinstatement procedure is cumulative of rules and laws governing
any other procedures available to the parties).
3. [3] Tex. R. Civ. P. Ann. 165a(2) (Supp. 1992).