Opinion filed December 8, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed December 8, 2005

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00105-CV 

                                                    __________

 

                                  JAMES MAC PEACOCK, Appellant

 

                                                             V.

 

     ALTON
GARRETT AND WIFE, ALMA L. GARRETT, ET AL, Appellees

 



 

                                          On
Appeal from the 39th District Court

 

                                                       Stonewall
County, Texas

 

                                                     Trial
Court Cause No. 4354

 



 

                                              M
E M O R A N D U M   O P I N I O N

 








This appeal involves the dismissal of a lawsuit
when James Mac Peacock, an incarcerated person, did not appear for trial.  Appellant filed suit against appellees[1]
on December 10, 2002, to enforce a contract for deed.  The trial court entered a scheduling order on
August 13, 2003, by which the trial court set the case for trial on January 19,
2004.  At some point prior to the trial
date of January 19, 2004, appellant became an inmate of the Texas Department of
Criminal Justice.  His attorneys sought
and obtained the issuance of a bench warrant from the trial court for appellant
to attend trial.

The sheriff of Stonewall County went to the Formby
Unit in Plainview on January 14, 2004, to transport appellant to Stonewall
County for the upcoming trial; appellant refused to leave the unit
voluntarily.  After a telephone
conversation between the sheriff and the trial court, appellant wrote a note in
which he stated in relevant part: AI
withdraw myself from the suit and turn all to Tom Darden and Kent Co. State
Bank.@  Appellant executed subsequent documents
attempting to assign his cause of action to the Kent County State Bank.

The trial court deemed that appellant=s original handwritten note and his
refusal to accompany the sheriff constituted a Avoluntary
abandonment@ of his
claims.  The trial court also rejected
appellant=s attempt
to assign his cause of action because there was no consideration for the
assignment.  The trial court ultimately
dismissed appellant=s claims
with prejudice; it also denied appellant=s
motion to reinstate the case.  We modify
the trial court=s
judgment and affirm. 

                                                           Appellant=s Contentions

Appellant raises seven issues on appeal.  His complaints can be grouped into three
major categories.  First, he contends
that the trial court did not comply with the procedural notice requirements for
dismissing the action.  Second, he
alleges that the trial court erred by dismissing his lawsuit and failing to
grant his motion to reinstate.  Third, he
contends that the dismissal should not have been with prejudice.

                               Any
Procedural Errors Were Cured by Subsequent Hearing








In his seventh issue, appellant contends that the
trial court failed to notify the parties in advance of its intent to dismiss
the lawsuit on the date set for trial.   See
Villarreal v. San Antonio Truck & Equipment, 994 S.W.2d 628, 630
(Tex.1999).  In this regard, the scheduling
order did not indicate that the case possibly could be dismissed if appellant
failed to appear for trial.  See Alexander
v. Lynda=s
Boutique, 134 S.W.3d 845, 851 (Tex.2004). 
Irrespective of any deficiencies regarding the pre-dismissal notice, the
trial court conducted a hearing on appellant=s
motion to reinstate the case at a time when the court retained plenary power
over the dismissal order.  A subsequent
hearing on a party=s motion
to reinstate while the trial court retains plenary power cures any procedural
errors contained in the previous order of dismissal. See Jimenez v.
Transwestern Property Company, 999 S.W.2d 125, 128‑29 (Tex.App. ‑
Houston [14th Dist.] 1999, no pet=n).  Accordingly, appellant was not harmed by any
lack of notice of the court=s
intention to dismiss the case.  See
Jimenez v. Transwestern Property Company, supra at 128-29.  We overrule appellant=s
seventh issue because he cannot demonstrate any harm.  See TEX.R.APP.P. 44.1(a).

                                                       Dismissal
and Reinstatement

A trial court may dismiss a case for want of
prosecution based upon a party=s
failure to appear at trial under either TEX.R.CIV.P. 165a(1) or under its
common-law inherent authority.  See Villarreal v. San Antonio Truck &
Equipment, supra at 630. We review a trial court=s
order of dismissal for want of prosecution under an abuse of discretion
standard. MacGregor v. Rich, 941 S.W.2d 74, 75 (Tex.1997); State v.
Rotello, 671 S.W.2d 507, 509 (Tex.1984). 
We employ the same standard in reviewing the denial of a motion to
reinstate.  Franklin v. Sherman
Independent School District, 53 S.W.3d 398, 401 (Tex.App. ‑ Dallas
2001, pet=n den=d). 
A trial court abuses its discre-tion when it acts Awithout reference to any guiding rules
and principles,@ or, stated
another way, when the trial court acts in an arbitrary and unreasonable
manner.  City of San Benito v. Rio
Grande Valley Gas Company, 109 S.W.3d 750, 757 (Tex.2003)(quoting Downer
v. Aquamarine Operators, Inc., 701 S.W.2d 238, 242 (Tex.1985)).

The trial court found that appellant=s actions constituted a voluntary
abandonment and a failure to prosecute his case with diligence.  Appellant attacks the legal and factual
sufficiency of the evidence supporting these findings in his fourth, fifth, and
sixth issues.  In his second and third
issues, appellant also challenges the legal and factual sufficiency of the
evidence supporting the trial court=s
determination that his attempt to assign his cause of action to the Kent County
State Bank was not supported by consideration. 









Appellant couches his appellate contentions as
evidentiary challenges.  Under the
controlling abuse-of-discretion standard, legal and factual sufficiency of the
evidence challenges are not independent grounds for asserting error, but they
are relevant factors in assessing whether the trial court abused its
discretion. Pickens v. Pickens, 62 S.W.3d 212, 214 (Tex.App. ‑
Dallas 2001, pet=n den=d). 
Accordingly, we review appellant=s
evidentiary challenges within the context of determining whether the trial
court abused its discretion in dismissing appellant=s
claims and then subsequently denying his motion to reinstate.

Appellant=s
fourth issue addresses the trial court=s
voluntary abandonment finding.  His fifth
issue attacks the trial court determination that he failed to prosecute his
claims with diligence.  Again, the
evidence establishes that appellant refused to accompany the sheriff in
compliance with a bench warrant issued by the trial court.  His refusal occurred approximately five days
prior to the trial date.  He executed a
document at that time which stated in part: 
AI
withdraw myself from the suit.@   These facts constitute legally and factually
sufficient evidence to support the trial court=s
findings that appellant voluntarily abandoned his claims and that he failed to
prosecute his claims with diligence.  Appellant=s fourth and fifth issues are
overruled.

In his sixth issue, appellant argues that the
evidence conclusively or, in the alternative, overwhelmingly established that
his failure to appear was not intentional or the result of conscious
indifference but was due to accident, mistake, or was reasonably
explained.  See TEX.R.CIV.P.
165a(3).  He bases this argument on the
contention that he did not accompany the sheriff because he believed that he
had assigned his claims to the bank.  As
noted previously, the evidence establishes that appellant=s failure to appear was
intentional.  Moreover, his attempt to
assign the case to the bank occurred less than a week prior to trial.  He did not offer any evidence explaining why
he did not make the assignment at an earlier time.   We conclude that the trial court did not
abuse its discretion is refusing to honor an attempt to assign a cause of
action made on the eve of trial.[2]  

                                                       Dismissal
Without Prejudice








Appellant argues in his first issue that the trial
court erred when it dismissed his case with prejudice.  An order of dismissal for want of prosecution
is not an adjudication of the rights of the parties; rather, it simply places
the parties in the position they were in prior to filing the suit. See
Melton v. Ryander, 727 S.W.2d 299, 303 (Tex.App. ‑ Dallas 1987, writ
ref=d n.r.e.).  When a case is dismissed for want of
prosecution, it is error for the trial court to dismiss the case with
prejudice.  See Melton v. Ryander,
supra at 303. Accordingly, we modify the trial court=s
order of dismissal to delete the words Awith
prejudice to refiling the same.@

                                                            This
Court=s
Judgment

As modified by this opinion, the trial court=s judgment is affirmed.

 

JIM R. WRIGHT

CHIEF JUSTICE

 

December 8, 2005

Not designated for publication. 
See TEX.R.APP.P. 47.2(a).

Panel consists of:  Wright,
C.J., and McCall, J.

W. G. Arnot, III, retired effective July 31, 2005, and is,
therefore, not participating.











     [1]Appellees
consist of Alton Garrett and wife, Alma L. Garrett; Larry Cunningham, Barry D.
Cunningham, and Beverly Roberts, Co-Independent Executors and Trustees of the
Estates of Larry Jack Cunningham, Deceased, and Geneva H. Cunningham, Deceased;
and Barry D. Cunningham and Beverly Roberts, as Co-Trustees under the Marital
and Family Trusts created by the will of Geneva H. Cunningham, Deceased.





     [2]In
light of our determination that the trial court did not abuse its discretion by
rejecting appellant=s attempt to assign his cause of action in an untimely
manner, we need not reach his second and third issues addressing the trial
court determination that the assignments were not supported by consideration.