**Opinion issued March 31, 2015**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-14-00269-CV

———————————

**ADOLFO R. MARTINEZ, Appellant**

**V.**

**NOEL P. BENAVIDES, PABLO A. MARTINEZ, INC., DR. JAVIER TADEO RAMIREZ, JUDITH CHRISTINA R. BARRERA, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF EVANGELINA H. RAMIREZ, MARIA CECILIA R. BENAVIDES, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF EVANGELINA H. RAMIREZ, CLAUDIA RAMIREZ MATHERS, AND LETICIA R. REYES, Appellees**

**On Appeal from the 229th District Court**
**Starr County, Texas**
**Trial Court Case No. DC-03-350**

## MEMORANDUM OPINION

Appellant Adolfo R. Martinez sued Noel P. Benavides, Pablo A. Martinez,

Inc., Dr. Javier Tadeo Ramirez, Judith Christina R. Barrera, Individually and as

Executrix of the Estate of Evangelina H. Ramirez, Maria Cecilia R. Benavides, Individually and as Executrix of the Estate of Evangelina H. Ramirez, Claudia Ramirez Mathers, and Leticia R. Reyes to establish title to real property that Martinez claimed through adverse possession.[1]  Martinez also sued for trespass, civil conspiracy, and fraud.  The appellees moved to dismiss Martinez's claims for want of prosecution and also argued that he did not have standing to assert his claims for trespass, civil conspiracy, and fraud.  The trial court dismissed Martinez's claims with prejudice, finding that Martinez had failed to prosecute the case with diligence.  Martinez timely filed a verified motion to reinstate, but the trial court failed to hold a hearing on the motion.  We hold that the trial court did not abuse its discretion in dismissing Martinez's claims for want of prosecution, but improperly dismissed the claims with prejudice and erroneously failed to hold an oral hearing on the motion to reinstate.  We modify the trial court's judgment to strike the words "with prejudice" and remand the case to the trial court to hold an oral hearing on the motion to reinstate.

---

[1] On March 18, 2014, the Texas Supreme Court ordered this appeal transferred from the Court of Appeals for the Fourth District of Texas.  *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013) (authorizing transfer of cases).  We are unaware of any conflict between the precedent of the Court of Appeals of the Fourth District and that of this Court on any relevant issues.  *See* TEX. R. APP. P. 41.3.

**Background**

This is the third appeal in this case, which has been pending since 2003. *See Martinez v. Benavides*, No. 04-05-00618-CV, 2006 WL 1993773 (Tex. App.—San Antonio July 19, 2006, no pet.); *Martinez v. Benavides*, No. 04-04-00654-CV, 2005 WL 418593 (Tex. App.—San Antonio Feb. 23, 2005, no pet.). In 2003, Martinez sued J.C. Ramirez, Pablo A. Ramirez, Jr., Oscar Ruben Santos, Benjamin Santos, and Noel P. Benavides, claiming ownership by adverse possession of land in which he alleged each of the defendants had an interest. Martinez initially served only Benavides; he was unsuccessful in serving the other defendants. 2006 WL 1993773, at *1. Benavides moved for summary judgment, which was granted. *Id.* Martinez appealed the summary judgment to the San Antonio Court of Appeals, but that appeal was dismissed as interlocutory because claims remained pending against the other defendants. 2005 WL 418593, at *1.

Before the trial court received the mandate from the court of appeals, it set the case for a hearing on the dismissal docket for dismissal due to want of prosecution. 2006 WL 1993773, at *1. Martinez again attempted, unsuccessfully, to serve the remaining defendants. *Id.* After a hearing, the trial court dismissed the case for want of prosecution. *Id.* Martinez appealed, and the San Antonio Court of Appeals reversed. *Id.* at *4.

According to the trial court's findings of fact, after the 2006 remand, Oscar Ruben Santos and Benjamin Santos died, and Martinez added their heirs as defendants. However, Martinez did not serve these defendants. On August 8, 2011, some of the served defendants provided Martinez with a letter identifying the last known addresses of the unserved defendants. At a status hearing on August 11, 2011, Martinez requested an additional 90 days to serve the defendants and told the trial court that he would initiate substituted service if he was unable to serve them. The trial court granted the request and set the matter for a status hearing on November 29, 2011.

At the November 29 status hearing, Martinez requested an additional 90 days to serve the unserved defendants. The trial court granted the request and set a status hearing for March 26, 2012. At the March 26 hearing, Martinez requested additional time, which the trial court granted, setting a status hearing for April 30, 2012. At the April 30 hearing the trial court signed a letter rogatory and granted Martinez additional time to serve the unserved defendants. The trial court set a status hearing for August 20, 2012.

At the August 20 status hearing, Martinez requested additional time to serve the unserved defendants. The trial court granted an extension to November 26, 2012. At a hearing on November 26, Martinez requested additional time. The trial

4

court granted the request and, at the defendants' request, set the matter for trial on March 25, 2013.

Martinez did not serve the unserved defendants before March 25. When the trial court called the matter for trial, Martinez requested additional time to serve the unserved defendants and asked the trial court to order the served defendants to provide him with addresses for the unserved defendants. The trial court ordered the served defendants to do so "insofar as [they] would have that knowledge," and reset the matter for trial on August 12, 2013. Two days after the hearing, the served defendants filed an advisement identifying the last known addresses of the unserved defendants.

On August 5, 2013, Martinez moved for a continuance of the August 12 trial date and advised the trial court that he needed additional time to serve the unserved defendants. The trial court reset the matter for trial on November 5, 2013 and advised Martinez that no further continuances or additional extensions would be granted.

On October 29, 2013, Martinez moved for a continuance of the November trial setting. The defendants subsequently moved to dismiss the case for want of prosecution and also moved to dismiss Martinez's trespass, civil conspiracy, and fraud claims on the ground that Martinez lacked standing to assert them. Martinez filed several responses to the motions, arguing that he had been diligent in

5

attempting to serve the unserved defendants and that he did have standing to assert claims for trespass, civil conspiracy, and fraud.

The trial court heard the motions to dismiss on December 9, 2013 and signed an order dismissing the case with prejudice on December 11, 2013. At Martinez's request, the trial court later entered findings of fact and conclusions of law, finding that the unserved defendants were necessary parties, that Martinez had not been diligent in attempting to serve the unserved defendants, that there was no reasonable excuse for the delay in prosecution, and that his repeated failure to serve the unserved defendants was egregious. The trial court did not enter any conclusions of law regarding standing, the alternative ground urged by the defendants for dismissal of trespass, civil conspiracy, and fraud.

Within 30 days of the trial court's dismissal order, Martinez filed a verified motion to reinstate. When the trial court failed to set an oral hearing on the motion, Martinez moved to set a hearing on the motion to reinstate. The trial court did not hold an oral hearing on the motion to reinstate.

## Dismissal for Want of Prosecution with Prejudice

In his first, third, fourth, fifth and sixth issues, Martinez argues that the trial court erred in dismissing his claims for want of prosecution. In his second issue, Martinez argues that the trial court erred in dismissing his claims with prejudice.

## A.     Standard of Review and Applicable Law

A trial court may dismiss a civil suit for want of prosecution: (1) under Rule 165a(l) when a party seeking affirmative relief fails to appear for hearing; (2) under Rule 165a(2) when the case is not disposed of within the time limits proscribed by the Texas Supreme Court; and (3) pursuant to the court's inherent power when a plaintiff fails to prosecute his case with due diligence. TEX. R. CIV. P. 165a(l), (2), (4); *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999). We review a trial court's ruling dismissing a case for want of prosecution for an abuse of discretion. *See Smith v. Babcock & Wilcox Constr. Co.*, 913 S.W.2d 467, 468 (Tex. 1995) (per curiam); *Franklin v. Sherman Indep. Sch. Dist.*, 53 S.W.3d 398, 401 (Tex. App.–Dallas 2001, pet. denied) (per curiam). A trial court abuses its discretion when it acts "without reference to any guiding rules or principles," that is, when it acts in an arbitrary and unreasonable manner. *Dueitt v. Arrowhead Lakes Prop. Owners, Inc.*, 180 S.W.3d 733, 737 (Tex. App.—Waco 2005, pet. denied). A trial court does not abuse its discretion when "its decision is based on conflicting evidence or when some evidence of a substantive and probative character exists to support the trial court's decision." *Tex. Mut. Ins. Co. v. Olivas*, 323 S.W.3d 266, 275 (Tex. App.—El Paso 2010, no pet.) (citing *In re Barber*, 982 S.W.2d 364, 366 (Tex. 1998)).

When determining under its inherent authority whether the plaintiff has demonstrated a lack of diligence in prosecuting his case, the trial court may consider the entire history of the case including the length of time the case was on file, the extent of activity in the case, whether the plaintiff requested a trial setting, and the existence of reasonable excuses for delay. *Dueitt,* 180 S.W.3d at 739; *Jimenez v. Transw. Prop. Co.*, 999 S.W.2d 125, 129 (Tex. App.—Houston [14th Dist.] 1999, no pet.). None of the factors are dispositive, and a belated trial setting or the plaintiff's stated readiness to proceed to trial does not conclusively establish diligence. *Dueitt*, 180 S.W.3d at 739. The plaintiff bears the burden of demonstrating that he has diligently prosecuted his case. *See Jimenez*, 999 S.W.2d at 130; *see also Olivas*, 323 S.W.3d at 274 ("The complaining party has the burden to bring forth a record to support its contention.").

Dismissal of a case with prejudice functions as a final determination on the merits. *Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex. 1999) (per curiam). A dismissal for want of prosecution is not a trial on the merits, and therefore dismissal with prejudice is improper. *Maldonado v. Puente*, 694 S.W.2d 86, 92 (Tex. App.—San Antonio 1985, no writ). An order of dismissal for want of prosecution is not an adjudication of the rights of the parties; rather, it simply places the parties in the position they were in prior to filing the suit. *Melton v. Ryander*, 727 S.W.2d 299, 303 (Tex. App.—Dallas 1987, writ ref'd n.r.e.). If a

8

trial court improperly dismisses a case for want of prosecution with prejudice, the appellate court should modify the judgment to strike the words "with prejudice." *See id.*

## B. Analysis

Here, the trial court found that Martinez "has not been diligent, in any form, in attempting to serve Defendants in the last ten (10) years" and that it had the inherent power to dismiss the case. We conclude that the trial court did not abuse its discretion in dismissing Martinez's case under its inherent authority.

Martinez originally filed suit over 10 years ago, in 2003. *See Dueitt,* 180 S.W.3d at 739 (length of time case was on file is factor to consider regarding dismissal under inherent power). Even if his early failure to serve unserved defendants could be explained by delay caused by the two previous appeals in the case, the second remand occurred in 2006. Thus, the case had been on file for seven years after remand when the trial court considered the motions to dismiss.

Martinez repeatedly asked the trial court for additional time to serve the unserved defendants and assured the trial court that he would serve them, but never did. *See Dueitt,* 180 S.W.3d at 739 (activity in case and whether plaintiff requested trial setting are factors to consider regarding dismissal under inherent power). The trial court repeatedly reset the trial at Martinez's request. *See id.* Before the final reset, the trial court advised Martinez that no further continuances

or additional extensions would be granted; nevertheless, Martinez moved for a continuance of that trial setting, and had not served the unserved defendants at the time of the hearing on the subsequently-filed motions to dismiss, a month after that trial setting date.

The record indicates that at least some of the unserved defendants resided outside the United States and that Martinez told the trial court that he was having trouble determining their whereabouts. *See Dueitt,* 180 S.W.3d at 739 (existence of reasonable excuses for delay is factor to consider regarding dismissal under inherent power). However, Martinez was given repeated extensions over a period of several years to permit him to undertake the investigation needed to properly serve the unserved defendants. The trial court even ordered the served defendants to provide Martinez with contact information to the extent that they were able, and the served defendants complied with this request. To the extent that Martinez argues that the served defendants withheld information in this regard, such determinations are left solely to the trial court as factfinder. *See HTS Servs., Inc. v. Hallwood Realty Partners, L.P.*, 190 S.W.3d 108, 111 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (trial court as factfinder is sole judge of credibility and appellate court may not pass upon credibility or substitute its judgment for that of trial court).

Considering all of the factors and the evidence before the trial court on the motions to dismiss, we hold that the trial court did not abuse its discretion in finding that Martinez failed to prosecute his case with due diligence. *See Dueitt*, 180 S.W.3d at 739. Accordingly, we hold that the trial court did not abuse its discretion in dismissing Martinez's claims for want of prosecution. *See id.*

However, dismissal for want of prosecution is not a ruling on the merits, and therefore dismissal for want of prosecution with prejudice is improper. *See Maldonado*, 694 S.W.2d at 92. Consequently, it was error for the trial court to dismiss Martinez's claims with prejudice. *See id.* Accordingly, we will modify the judgment to strike the words "with prejudice." *See Melton*, 727 S.W.2d at 303.

We sustain Martinez's second issue with respect to dismissal with prejudice, and overrule Martinez's first, third, fourth, fifth and sixth issues, which challenge dismissal of his claims for want of prosecution. Because we have concluded that dismissal of Martinez's claims was proper, we do not reach his eighth issue challenging an alternative ground for dismissal. *See* TEX. R. APP. P. 47.1.

**Motion to Reinstate**

In his seventh issue, Martinez argues that the trial court erred in failing to hold an oral hearing on his motion to reinstate.

11

## A. Motion to Reinstate

A party seeking reinstatement must timely file a verified motion to reinstate. TEX. R. CIV. P. 165a(3). The motion must be verified by the movant or her attorney and must be filed within 30 days after the order of dismissal was signed. *Id.* A trial court has no discretion to fail to hold an oral hearing on a timely filed, properly verified motion to reinstate. *Thordson v. City of Houston*, 815 S.W.2d 550, 550 (Tex. 1991); *see Gulf Coast Inv. Corp. v. Nasa 1 Bus. Ctr.*, 754 S.W.2d 152, 153 (Tex. 1988) (affirming court of appeals' holding that trial court abused its discretion in failing to hold hearing on motion to reinstate); *Smith v. McKee*, 145 S.W.3d 299, 305 (Tex. App.—Fort Worth 2004, no pet.).

## B. Analysis

We conclude that the trial court erred in failing to hold an oral hearing on Martinez's motion to reinstate. Martinez timely filed a properly verified motion and moved for an oral hearing, and thus, the trial court had no discretion to fail to hold an oral hearing on the motion. TEX. R. CIV. P. 165a(3) ("The clerk shall deliver a copy of the motion [to reinstate] to the judge, who shall set a hearing on the motion as soon as practicable."); *see Thordson*, 815 S.W.2d at 550 (trial court has no discretion to deny oral hearing on timely filed, properly verified motion to reinstate). Appellees argue that the trial court did not err in failing to hold a hearing because Martinez's motion was without merit, but we may not consider

whether the motion to reinstate raises meritorious arguments in determining whether the trial court erred in failing to hold a hearing. *See Thordson*, 815 S.W.2d at 550 ("Although the grounds . . . stated in his motion [to reinstate] may not trigger mandatory reinstatement of his claim . . . he, nevertheless, is entitled to a hearing on his motion.").

We sustain Martinez's seventh issue.

## Conclusion

We modify the trial court's judgment to strike the words "with prejudice" and remand the case to the trial court for an oral hearing on the motion to reinstate.


Rebeca Huddle
Justice

Panel consists of Justices Jennings, Higley, and Huddle.