Gladys Marie ANDREWS, Appellant,

v.

ABJ ADJUSTERS, INC., and Regal General Contractors, Inc., Appellees.

No. B14–90–00041–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 25, 1990.

Rehearing Denied Dec. 6, 1990.

Kenneth L. Smith, Houston, for appellant.

Mark Lapidus, Joe E. Luce, Houston, for appellees.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

## OPINION ON MOTION FOR REHEARING

SEARS, Justice.

We grant appellant's motion for rehearing, withdraw the opinion of March 29, 1990 dismissing the appeal, withdraw the prior judgment and substitute the following opinion. This is an appeal from an order dismissing the cause for want of prosecution. We affirm.

Appellant acquired a homeowner's insurance policy from St. Paul Fire and Marine Insurance Company. When appellant's home was damaged by a fire, appellant contracted with Regal General Contractors, Inc. for the repairs. Appellant signed an authorization which allowed St. Paul to include Regal's name on the drafts issued to her. A dispute arose as to the quality and workmanship of the repairs and both Regal and appellant claimed to be entitled to $7,000.00 in depreciation loss withheld by St. Paul. Subsequently, St. Paul filed a petition in interpleader naming Regal and appellant as defendants. Appellant filed a cross-petition against Regal, ABJ Adjusters, Inc, and J.P. Miller. Regal filed a counterclaim against appellant.

Appellant's counsel failed to attend a pre-trial conference held on August 18, 1989, and the case was set on the trial court's dismissal docket. Appellant's counsel did not file a motion to retain and, on September 22, 1989, the trial court dismissed the case for want of prosecution *with prejudice.*

On October 5, 1989, Regal filed a motion for summary judgment requesting the funds St. Paul had previously placed in the registry of the court. On October 20, 1989, appellant's counsel filed an *unsigned and unsworn* motion to reinstate, asserting that the trial court erred in dismissing her claims with prejudice. The trial court denied this motion on November 10, 1989. Appellant perfected her appeal on December 7, 1989.

On December 8, 1989, the trial court realized the September 22 order was interlocutory, reinstated appellant's cause of action, granted Regal's motion for summary judgment, and disbursed the funds in the registry of the court to Regal. However, no *final* order was entered as appellant's cause of action was still unresolved.

When the original transcript was filed in this appeal, appellant failed to include a copy of the September 22, 1989 order from which she appealed, and she failed to advise this court that the trial court reinstated her cause of action on December 8, 1989. Also, because the motion to reinstate was not verified, it did not extend the time limits for perfecting the appeal. This court dismissed the appeal for lack of jurisdiction on March 29, 1990, because the order reinstating the case was interlocutory and, thus, not appealable. We note also that the appeal bond was filed too late to perfect an appeal from the order of September 22, 1989.

In her motion for rehearing, appellant for the first time advised this court of the existence of the order of April 4, 1990. (The *final* order.) We granted appellant's motion for rehearing on the condition that she file a supplemental transcript which included the orders of September 22, 1989 and April 4, 1990. It now appears from the record that on April 4, 1990, the trial court finalized the order of September 22, 1989. Although appellant's appeal bond was filed December 7, 1989, Rule 41(c) of the Texas Rules of Appellate Procedure requires that we treat the appeal bond as being prematurely filed. Therefore, appellant has perfected an appeal of the final order of April 4, 1990.

Now that the procedural problems are resolved, we will look at the error alleged. The only point of error asserted by appellant in her brief, and in her motion for rehearing, is that the trial court erred in dismissing her claims "with prejudice." As a general rule, a dismissal for want of prosecution with prejudice is improper. *Willis v. Barron*, 604 S.W.2d 447 (Tex.Civ. App.—Tyler 1980, writ ref'd n.r.e.). However, a party cannot raise an issue for the

first time on appeal which was not presented to the trial court. *PGP Gas Products, Inc. v. Fariss*, 620 S.W.2d 559, 560 (Tex. 1981); *Golden Villa Nursing Home, Inc. v. Smith*, 674 S.W.2d 343, 353 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.). Predicates for complaints on appeal must be preserved at the trial court by a timely request, motion, or objection. *PGP Gas Products, Inc.*, 620 S.W.2d at 560; Tex.R. App.P. 52(a).

In the present case, appellant failed to preserve her complaint for appeal by not properly presenting the alleged error to the trial court. The Texas Rules of Civil Procedure require that a motion to reinstate be verified by the movant or his/her attorney. Tex.R.Civ.P. 165a(3); *see also McConnell v. May*, 800 S.W.2d 194 (Tex.1990) (per curiam). Appellant's unverified and unsigned motion to reinstate the September 22 dismissal order did not preserve the alleged error for appeal. Also, appellant did not take any action in the trial court after the order of April 4, 1990. There is nothing in the record to show that the error was ever properly brought to the attention of the trial court. Accordingly, appellant's point of error is overruled and the order dismissing appellant's case for want of prosecution is affirmed.