James SMITH and Wife, Shirley Anne Smith, and Lumbermens Mutual Casualty Company, Appellants,

v.

BABCOCK & WILCOX CONSTRUCTION COMPANY, INC., and the City of Austin, Appellees.

No. 3–93–112–CV.

Court of Appeals of Texas, Austin.

May 18, 1994.

Publication Ordered Feb. 14, 1996.

Charles T. Frazier, Jr., Cowles & Thompson, P.C., Dallas, for Lumbermens Mutual Casualty Company.

Charles B. Lord, Law Offices of C.L. Ray, Austin, for James Smith & Shirley Anne Smith.

David S. Lill, Clark, Thomas & Winters, Austin, for Appellees.

Before CARROLL, C.J., and ABOUSSIE and B.A. SMITH, JJ.

ABOUSSIE, Justice.

Appellants James Smith and Shirley Anne Smith and Lumbermens Mutual Casualty Company ("Intervenor" or "Lumbermens") appeal from an order dismissing their cause of action against appellees Babcock & Wilcox Construction Company ("Babcock") and the City of Austin. Appellants further appeal the order denying their motions to reinstate

the case. We will affirm both orders of the trial court.

## BACKGROUND

The City of Austin hired Babcock as its general contractor to perform and supervise certain improvements to a power generation plant. Babcock subcontracted part of the work to J. Graves Insulating Company, a company at which James Smith was employed. Smith allegedly was injured while working on the project, and he and his wife filed suit against the City of Austin and Babcock for damages related to his injuries. Lumbermens, the workers' compensation carrier for J. Graves, intervened in the cause to enforce its subrogation claim for benefits it previously had paid to Smith.

The record indicates that on or before June 15, 1992, Jeff Badders, the Smiths' attorney, requested that this matter be set for trial on the merits in Travis County on November 2, 1992. By letter dated August 10, 1992, to the Freestone County District Clerk, Badders requested that another case, *Shirley Alexander v. National Union Fire Insurance Company of Pittsburgh*, No. 91–306–A (87th Dist. Ct., Freestone County, Tex.) [hereinafter "the *Alexander* case"], also be set for trial on November 2, 1992, in Freestone County. On October 21, 1992, Badders filed an unverified motion for continuance in the instant cause, alleging that the *Alexander* case was preferentially set and was an older workers' compensation matter. On October 23, Judge Paul Davis conducted a hearing by teleconference on the Smiths' motion and denied the continuance. The record contains no statement of facts from this telephone conference. Four days later, Badders wrote a letter to the trial court stating that

he understood from the teleconference that although the court was overruling his motion for continuance, Judge Davis would not require him to come to Travis County for trial on November 2 if, in fact, he was called to trial in the *Alexander* case. In the letter, Badders again referred to the *Alexander* case as a priority setting. On October 28, Judge Davis signed the order denying the motion for continuance. Badders never sought a continuance in the *Alexander* case.

On November 2, Badders went to trial in Freestone County in the *Alexander* case and did not appear in Travis County. Counsel for Lumbermens appeared in the instant cause and re-urged the Smiths' motion for continuance. Counsel for Babcock and the City of Austin filed a motion to dismiss for want of prosecution based upon the failure of the Smiths or Badders to appear. *See* Tex. R.Civ.P. 165a. Judge Pete Lowry, who was presiding, declined further continuance and dismissed the cause for want of prosecution.

Appellants filed motions to reinstate the case and Judge Davis held a hearing on the motions on December 21, 1992. At the hearing, Badders argued that he understood section 23.101 of the Texas Government Code to give preference to workers' compensation cases and, thus, he assumed the *Alexander* case was entitled to priority as a matter of law over the instant case.[1] Counsel for Babcock and the City of Austin responded that section 23.101 merely applies to a court's internal ordering of its cases, and not to an ordering of cases among the various courts. Badders further argued that he had understood the judge's ruling on the motion for continuance to mean that Badders could proceed preferentially on the *Alexander* case,

---

1. Section 23.101 of the Texas Government Code states in relevant part:
   (a) The trial courts of this state shall regularly and frequently set hearings and trials of pending matters, giving preference to hearings and trials of the following:
   \* \* \* \* \* \*
   (5) appeals of final rulings and decisions of the Texas Workers' Compensation Commission ...
   \* \* \* \* \* \*
   (b) Insofar as practicable, the trial courts shall observe the preference provided by Subsec-

tion (a) in ruling on, hearing, and trying the matters pending before the courts.
Tex.Gov't Code Ann. § 23.101 (West 1988 & Supp.1994).

but that if that case did not proceed to trial, Badders' presence would be required in Travis County on November 2.[2] Badders admitted that, in fact, the *Alexander* case was not an older case and was not set preferentially, but argued he was mistaken when he misrepresented this to the court. When Judge Davis asked Badders why he had not attempted to have the *Alexander* case rescheduled, Badders stated it was because he thought it was entitled to priority. After hearing the arguments of counsel and the evidence presented, Judge Davis denied the motions.

## STANDARD OF REVIEW

■ In reviewing a dismissal for want of prosecution or the overruling of a motion to reinstate under Rule 165a, an appellate court applies the abuse-of-discretion standard to the trial court's actions. *Goff v. Branch*, 821 S.W.2d 732, 733 (Tex.App.—San Antonio 1991, writ denied); *Melton v. Ryander*, 727 S.W.2d 299, 301 (Tex.App.—Dallas 1987, writ ref'd n.r.e.); *Price v. Firestone Tire & Rubber Co.*, 700 S.W.2d 730, 733 (Tex.App.—Dallas 1985, no writ); *Wyatt v. Texas Oklahoma Exp., Inc.*, 693 S.W.2d 731, 732 (Tex. App.—Dallas 1985, no writ). In reviewing whether a trial court has abused its discretion, the key question is whether the trial court acted without reference to any guiding rules and principles, or in an arbitrary or unreasonable manner. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex.1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). "The mere fact that a trial court may decide a matter within its discretionary authority differently from what a reviewing court would decide in similar circumstances does not demonstrate that an abuse of discretion has occurred." *Id.* (citing *Southwestern Bell Tel. Co. v. Johnson*, 389 S.W.2d 645, 648 (Tex. 1965); *Jones v. Strayhorn*, 159 Tex. 421, 321 S.W.2d 290, 295 (1959)).

## DISCUSSION

In their first point of error, appellants argue that the trial court erred when it re-

fused to reinstate the case because Badders' failure to appear was not "intentional or the result of conscious indifference" under Rule 165a of the Texas Rules of Civil Procedure. Tex.R.Civ.P. 165a. Rule 165a states in relevant part:

1. **Failure to Appear.** A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. . . .

\*   \*   \*   \*   \*   \*

3. **Reinstatement.** A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney. . . . The court shall reinstate the case upon finding after a hearing *that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.* . . .

*Id.* (emphasis added).

■ Appellants argue that Badders' failure to appear for trial in Travis County on November 2 was not intentional or the result of conscious indifference because he understood that Judge Davis had given him permission to proceed with the *Alexander* trial and because Badders believed that the *Alexander* case was entitled to priority under section 23.101 of the Texas Government Code. Badders argues his absence was the result of these factual and legal "mistakes" and that the trial court should have reinstated the case under Rule 165a. We disagree.

Badders filed a motion for continuance twelve days before trial, and Judge Davis overruled it. Despite this ruling, Badders did not appear for trial, but rather had counsel for Lumbermens attend trial and re-urge an overruled motion on his behalf. Badders never attempted to reschedule the *Alexander* case. Finally, Badders admitted he had misrepresented to the court in an unverified

---

**2.** Appellants have not supplied us with any type of record of the hearing on the motion for continuance, and thus we can give no weight to Bad-

ders' assertions regarding the court's statements that he could proceed preferentially with the *Alexander* case.

motion that the *Alexander* case was an older and preferentially set case.

We conclude the trial court did not abuse its discretion in refusing to reinstate the case. The trial court reasonably could have believed that Badders' actions in the case, culminating in his absence from court on November 2, were not the result of an "accident" or "mistake." Appellants cite two cases as examples of "mistakes" requiring the reinstatement of a case under Rule 165a; however, we find these cases to be distinguishable from the instant cause. *See Quita, Inc. v. Haney,* 810 S.W.2d 469, 470 (Tex. App.—Eastland 1991, no writ) (attorney mistaken as to date of trial); *Mandujano v. Oliva,* 755 S.W.2d 512, 514 (Tex.App.—San Antonio 1988, writ denied) (attorney appeared in wrong courtroom). Accordingly, we overrule appellants' first point of error.

■ In their second point of error, appellants complain that their case should not have been dismissed "with prejudice." As a general rule, "[w]hen a case is dismissed for want of prosecution, it is error for the trial court to dismiss the case with prejudice." *Melton,* 727 S.W.2d at 303 (citations omitted); *Andrews v. ABJ Adjusters, Inc.,* 800 S.W.2d 567, 568 (Tex.App.—Houston [14th Dist.] 1990, writ denied). However, although appellants filed a motion to reinstate, they did not present this complaint to the trial court as required. *Torres v. Rios,* 869 S.W.2d 555, 556 (Tex.App.—Corpus Christi 1993, n.w.h.); *McCain v. NME Hospitals, Inc.,* 856 S.W.2d 751, 755 (Tex.App.—Dallas 1993, no writ); *Andrews,* 800 S.W.2d at 568–69. Accordingly, we overrule appellants' second point of error.[3]

In their third and fourth points of error, appellants argue the trial court erred in dismissing and refusing to reinstate the case because Lumbermens' appearance at trial was sufficient to preclude dismissal under Rule 165a. Appellants further argue that because section 6a(a) of the Texas Workers' Compensation Act granted insurance carriers the right to enforce an injured party's right

to recovery, the trial court abused its discretion when it refused to reinstate Lumbermens' cause of action. *See* Texas Workers' Compensation Act, 69th Leg., R.S., ch. 326, § 1, 1985 Tex.Gen.Laws 1387 (Tex.Rev.Civ. Stat.Ann. § 6a(a), since repealed).

■ Appellants first complain that Lumbermens' presence at trial was sufficient to preclude a Rule 165a dismissal. Appellants argue that a court abuses its discretion by dismissing a party's claim under Rule 165a when that party actually appears, citing *Goff v. Branch,* 821 S.W.2d 732, 733 (Tex.App.— San Antonio 1991, writ denied). The *Goff* case does not support appellants' argument. In fact, the *Goff* court *upheld* the trial court's dismissal order, applying the presumptions in favor of the dismissal order, because the court did not have before it a statement of facts or any findings of fact from the dismissal hearing. Instead, the appellate court held the trial court abused its discretion when it refused to *reinstate* a case dismissed for "failure to appear" under Rule 165a. The court found that, contrary to the judge's findings in the dismissal order that plaintiffs failed to appear at the dismissal hearing, plaintiffs and their counsel *were* present at the hearing and announced ready to proceed with trial. Thus, the court held it was an abuse of discretion not to *reinstate* the case, because there was no "failure to appear" under Rule 165a. *Id.* at 735. Furthermore, the *Goff* case is factually distinguishable from the instant case, in which there is no dispute that the plaintiffs and their counsel failed to appear at trial on November 2. Rule 165a states that "[a] case may be dismissed . . . on failure of *any* party seeking affirmative relief to appear for any hearing or trial. . . ." Tex. R.Civ.P. 165a (emphasis added). We conclude the trial court did not abuse its discretion in dismissing the instant case based on the Smiths' and Badders' failure to appear at trial.

■ Appellants argue further that because the Act gives insurance carriers the right to bring an independent cause of action to en-

---

**3.** Even if appellants had properly preserved this point, we would not reverse the trial court's judgment, but rather we would reform the judgment to strike the words "with prejudice." *See* *Melton,* 727 S.W.2d at 303; *Collins v. Flatte,* 614 S.W.2d 580, 582 (Tex.Civ.App.—Texarkana 1981, no writ).

force the plaintiff's recovery, the trial court erred in dismissing and refusing to reinstate Lumbermens' independent cause of action against Babcock.[4] Without deciding whether Lumbermens' intervention in the instant cause constitutes an independent cause of action, we conclude that appellants' contentions must fail. We have already decided that the trial court did not abuse its discretion in dismissing and refusing to reinstate the Smiths' cause of action against Babcock. Further, we have concluded that the Smiths waived any right to complain that the dismissal of their cause was with prejudice. Therefore, the Smiths no longer have an actionable claim against Babcock. It follows that Lumbermens' claim must fail, as well.

■ "Generally, rights conferred by subrogation are entirely derivative of the subrogor's interests, to which the subrogee merely succeeds." *Guillot v. Hix*, 838 S.W.2d 230, 232 (Tex.1992). Thus, "[a] claim to recover compensation is a derivative cause of action under article 8307, section 6a, 'depending upon a recovery by the injured employee of damages growing out of personal injuries sustained as a result of the act or omission of a third party.' " *Phennel v. Roach*, 789 S.W.2d 612, 615 (Tex.App.—Dallas 1990, writ denied) (quoting *Yeary v. Hinojosa*, 307 S.W.2d 325, 332 (Tex.Civ.App.—Houston 1957, writ ref'd n.r.e.) and *City of Houston v. Twin City Fire Ins. Co.*, 578 S.W.2d 806, 808 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.)). The Texas Supreme Court has stated, "Because a subrogation action is derivative, the defendant in such an action may ordinarily assert any defense he would have had in a suit by the subrogor ... [and] this rule also applies in subrogation actions under the Workers' Compensation Act." *Guillot*, 838 S.W.2d at

230 (citing *Phennel*, 789 S.W.2d at 615 (carrier's action defeated where employee's pleadings were struck as discovery sanction); *Twin City*, 578 S.W.2d at 808 (employee's failure to comply with notice requirement for claim against city was fatal to insurer's subrogation suit against city); *Warneke v. Argonaut Ins. Co.*, 407 S.W.2d 834, 837 (Tex.Civ. App.—El Paso 1966, writ ref'd n.r.e.) (employee's release of tortfeasor barred action by carrier)). Thus, when the plaintiff's cause of action is defeated, the insurance carrier's cause of action is also defeated. *Phennel*, 789 S.W.2d at 615; *Twin City*, 578 S.W.2d at 808; *but cf. Macarangal v. Andrews*, 838 S.W.2d 632 (Tex.App.—Dallas 1992, no writ) (trial court's order dismissing plaintiff's claim for want of prosecution, but not referring to intervenor's subrogation claim, held not to have dismissed intervenor's claim; distinguishing *Phennel* based on ambiguity of order in the *Macarangal* case); *cf. Cox v. Realty Dev. Corp.*, 748 S.W.2d 492 (Tex. App.—Dallas 1988, no writ) (trial court's order dismissing plaintiff's cause of action because of discovery violations did not dispose of insurance carrier's subrogation claim). Because the Smiths no longer have an actionable claim against Babcock, Lumbermens' claim cannot stand. Points of error three and four are overruled.

In their fifth and sixth points of error, appellants argue the trial court abused its discretion in "sanctioning" them for Badders' misconduct, and in dismissing the case with prejudice because to do so was an "excessive and unjust" sanction.

■ Appellants first argue the trial court erred in "sanctioning" them for Badders' misconduct by dismissing their case with

---

4. It is unclear whether in points of error three and four appellants attack the trial court's dismissal and refusal to reinstate the entire case, or just what they perceive as Lumbermens' separate cause of action. This confusion results from appellants' use of the term "third-party action." Throughout their brief appellants seem to be referring to the Smiths' cause of action against Babcock as the "third-party action." However, in their first point of error, appellants argue the trial court erred when it refused to reinstate "this case," while in their fourth point of error they argue the trial court abused its discretion in

refusing to reinstate "the third-party action." This indicates appellants are using the term "third-party action" to refer only to Lumbermens' cause of action against Babcock. Despite this confusion, we construe their arguments liberally to attack the dismissal and refusal to reinstate as to both the Smiths' cause of action and Lumbermens' allegedly independent cause of action. However, because we already addressed the propriety of the court's refusal to reinstate the Smiths' cause of action in point of error number one, we do not address it again here.

prejudice, citing *Brown v. Howeth Investments, Inc.*, 820 S.W.2d 900 (Tex.App.—Houston [1st Dist.] 1991, writ denied) and *Wyatt v. Texas Oklahoma Express*, 693 S.W.2d 731, 733 (Tex.App.—Dallas 1985, no writ). We have already concluded that any argument based on the dismissal being "with prejudice" was not preserved for our review.[5] Appellants further argue that a dismissal with prejudice is an excessive sanction under the *TransAmerican* guidelines. *TransAmerican Natural Gas v. Powell*, 811 S.W.2d 913 (Tex.1991). Again, appellants have waived this argument by raising it for the first time on appeal. *Andrews*, 800 S.W.2d at 568–69.

We overrule appellants' fifth and sixth points of error. The judgment of the trial court is affirmed.

---

**5.** Even if appellants had preserved this argument, we conclude the cases they cite are distinguishable from the instant case. In *Wyatt*, the trial court dismissed and refused to reinstate a case when plaintiff's counsel was twenty-five minutes late for the second day of trial due to heavy traffic, and despite the fact the plaintiff was present at trial and ready to proceed. *Wyatt*, 693 S.W.2d at 733. The appellate court held the trial court abused its discretion in failing to reinstate the case, because although plaintiff's counsel was late for trial, the plaintiff was present and ready to proceed when the case was dismissed. *Id.* These facts are unlike those presented in the instant case, wherein neither plaintiffs nor their counsel appeared for trial. Furthermore, the court specifically limited its holding to the facts of that case. *Id.* The *Brown* case does not involve a dismissal for failure to appear under rule 165a, but rather a dismissal based on the court's inherent power to dismiss a case for want of prosecution, and therefore does not apply to the instant case. *See Brown*, 820 S.W.2d at 901.