Affirmed and Memorandum Opinion filed July 21, 2009








Affirmed
and Memorandum Opinion filed July 21, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-01174-CV

____________

 

TIMOTHY PAUL MARTIN, Appellant

V.

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 412th District Court

Brazoria County, Texas

Trial Court Cause
No. 49743

 



 

M E M O R
A N D U M   O P I N I O N

Timothy
Paul Martin appeals from an order, signed November 18, 2008, dismissing the
case with prejudice.[1]  In a single
issue, Martin claims the trial court abused its discretion by dismissing the case
without a hearing.  We affirm.








According
to the record, Martin was declared a vexatious litigant in 2001.  In this case,
appellant filed a motion for permission to file litigation pursuant to section
11.102 of the Texas Civil Practices and Remedies Code.[2] 
Martin also filed an original petition, alleging claims of tortious
interference with business relations, negligence, and violations of
constitutional rights. 

Martin raises only one issueBthat the trial
court abused its discretion in dismissing the suit without holding a hearing. 
Section 14. 003(c) states that a trial court Amay@ hold a hearing
before dismissing a suit, but is not required to do so.  Tex. Civ. Prac. & Rem. Code Ann. ' 14.003(c) (Vernon
2002). The decision whether to hold a hearing is within the trial court=s discretion.  Thomas
v. Wichita Gen. Hosp., 952 S.W.2d 936, 938 (Tex. App.BFort Worth 1997,
pet. denied).  

Martin contends he would have presented evidence if the
trial court had held a hearing.  The alleged evidence noted in Martin=s brief is
substantially the same as the lengthy recitation of factual allegations set out
in Martin=s petition.  Martin does not explain how many of these
factual allegations relate to the causes of action pled.  Martin notes that he
had filed various motions in the trial court Ato develope [sic]
the record,@ but this does not establish what evidence he would
have presented at a hearing.  Aside from the factual allegations found in the
petition, and those reiterated in his brief, Martin has not shown what
particular evidence would have been presented at a hearing in the trial court. 
See id.  Accordingly, we find no abuse of discretion by the trial court
in deciding to dismiss Martin=s case without holding a hearing.    








The judgment of the trial court is
affirmed.

 

PER CURIAM

 

 

Panel consists of Chief Justice
Hedges, and Justices Yates and Frost.  

 









[1]  Martin has not challenged the trial court=s dismissal Awith
prejudice.@  If a trial court=s
order dismisses a suit with prejudice, when a dismissal without prejudice would
have been appropriate, the notation of Awith
prejudice@ must be challenged or the error is waived and the
suit may not be refiled.  See El Paso Pipe & Supply Co. v. Mountain
States Leasing, Inc., 617 S.W.2d 189, 190 (Tex. 1981)(must appeal error or
it is waived and suit may not be refiled); Dueitt v. Arrowhead Lakes Prop.
Owners, Inc., 180 S.W.3d 733, 742 (Tex. App.BWaco 2005, pet denied)(error in dismissing case Awith prejudice@
waived where appellant failed to raise it in the trial court by timely motion
to reinstate or motion for new trial); Andrews v. ABJ Adjusters, Inc.,
800 S.W.2d 567, 569 (Tex. App.BHouston [14th
Dist.] 1990, writ denied)(complaint regarding dismissal Awith prejudice@
waived because appellant failed to preserve complaint by presenting alleged
error to the trial court).    

 





[2]  Section 11.102 provides that a party found to be a
vexatious litigant usually must obtain permission to file a suit and must seek
permission to file a lawsuit from a local administrative judge.  See  Tex.
Civ. Prac. & Rem. Code Ann. '
11.102(a) (Vernon 2002). The record shows Martin filed a motion for permission,
but with the wrong entity.  Martin filed the motion seeking permission to file
his suit with the Brazoria County District Clerk.  If Martin, as a vexatious
litigant, is subject to a pre-filing order under Section 11.101, the clerk of a
court may not file the litigation unless Martin obtains an order from the local
administrative judge permitting the filing.  See id. at ' 11.103(a).