**Affirmed and Opinion filed March 3, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00124-CV

### TEXAS CONSTRUCTION SPECIALISTS, L.L.C., Appellant

### V.

### SKI TEAM VIP, L.L.C., Appellee

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2016-68662**

## OPINION

Texas Construction Specialists, L.L.C. ("TCS") appeals a judgment in favor of Ski Team VIP, L.L.C. ("Ski Team"). In four issues, TCS argues the trial court (1) abused its discretion by failing to grant TCS's motion for new trial because TCS did not have notice of the trial setting; (2) erred by striking TCS's pleadings because the motion to strike was not set or noticed; (3) erred by awarding Ski Team attorney's fees because a limited liability company may not recover attorney's fees for a breach of contract claim under Texas Civil Practice and

Remedies Code section 38.001; and (4) erred by awarding Ski Team attorney's fees when it did not properly segregate its fees. We affirm.

## BACKGROUND

In 2016, TCS and Ski Team entered into a construction contract under which TCS was supposed to perform work at a subdivision in Seabrook, Texas. A dispute arose between the parties. TCS believed it was owed progress payments under the contract which Ski Team did not pay. Ski Team believed that TCS failed to achieve substantial or final completion of the work required under the contract and abandoned the project. TCS filed two mechanic's and materialman's liens against Ski Team in July 2016. It then filed suit against Ski Team in October 2016, alleging claims for breach of contract, specific performance, and foreclosure of mechanic's and materialman's liens. Ski Team filed an answer and alleged counterclaims for breach of contract, fraudulent lien, and invalid lien.

In May 2017, TCS filed its first amended petition to include Ski Team's registered agent, Mark Caldwell, and managing member/director, Ashley Caldwell, in the suit. TCS also added claims for fraud, fraud in the inducement, and fraud by nondisclosure. Ski Team filed its First Amended Counterclaim in July 2018, alleging (1) a breach of contract claim, a fraudulent lien claim and an invalid lien claim; and (2) seeking to recover attorney's fees "from TCS pursuant to: TEX. CIV. PRAC. REM. CODE § 12.006 (fraudulent lien); . . . § 38.001, et seq. (breach of contract); TEX. PROP. CODE § 53.156 (proceeding to declare a lien invalid/unenforceable)."

In February 2019, TCS's attorney, Ronald Hall, filed a motion to withdraw and asserted that TCS's corporate representative, Mark Young, agreed to Hall's withdrawal. In April 2019, Hall filed a notice of appearance, stating that Tom Dickens "is appearing for Plaintiff Texas Construction Specialists, L.L.C. as lead

2

attorney in this case." Ski Team opposed Hall's motion to withdraw. In July 2019, Dickens filed a motion to withdraw as attorney for TCS and Young, alleging he is unable to effectively communicate with his client and that he and his client have a conflict of interest.

Although Hall had filed a motion to withdraw, he filed a second amended petition on behalf of TCS on August 7, 2019, adding Suretec Insurance Company ("Suretec") as a party to the suit.[1] That same day, Hall also filed a suit on behalf of TCS against Suretec in the 269th district court in Harris county. The parties do not dispute that the allegations and claims in that second lawsuit were duplicative of those in the first suit already pending in the 295th district court.

On August 23, 2019, Dickens filed a motion for continuance on behalf of TCS because trial in the first lawsuit was set for August 27, 2019. In the motion, Dickens stated that (1) he and TCS "have not had an opportunity to prepare for this case because of ineffective communication between Counsel and the Plaintiff in this case"; (2) TCS "by and through its attorney Ron Hall has filed an amended pleading in this case and has sued Suretec Insurance Company who issued the bond that was put in place"; and (3) TCS needs an opportunity to conduct discovery regarding Suretec as it is a necessary party in the first suit. Ski Team opposed the motion, noting that the first suit is on its sixth trial setting and that trial was set to begin on August 27, 2019.

The trial court held a hearing on TCS's motion for continuance and Dickens's motion to withdraw as counsel on August 27, 2019. TCS's representative, Mark Young, was present at the hearing. The trial court granted Dickens's motion to withdraw; granted TCS's motion for continuance; and reset

---

[1] Suretec issued surety bonds which Ski Team obtained and filed to release the mechanic's and materialman's liens filed by TCS on property owned by Ski Team.

the trial for November 5, 2019. The court also advised Young that this would be TCS's last continuance; that Young would be unable to represent TCS because he is not an attorney; and that Young should obtain counsel for TCS. In September 2019, the trial court granted Hall's motion to withdraw as TCS's counsel in the first suit.

Ski Team, the Caldwells, and Suretec (collectively, "Defendants") filed a motion to strike TCS's pleadings on October 9, 2019, arguing that the pleadings should be struck because TCS is a limited liability company whose counsel has withdrawn, TCS failed to retain new counsel, and TCS can only appear through a licensed attorney. On the same day, the Defendants filed a Notice of Submission on Defendants' Motion to Strike Plaintiff's Pleadings, which they also sent to Young. The notice stated that the motion to strike is set for submission on October 21, 2019.

On October 24, 2019, the trial court informed the parties via email that this case was on standby in the 295th district court starting November 4, 2019. Four days later, the court informed the parties via email that the "Court has **ASSIGNED** this case to start 11/4/19 @ 1:30 p.m."

Young, on behalf of TCS, filed a motion for continuance on October 31, 2019. In the motion, Young acknowledged that the trial court at the August 27, 2019 hearing "instructed TCS to secure an attorney to represent TCS in this case." He alleged the two attorneys he found to represent TCS had told him they could not go to trial on November 4, 2019. He requested the trial court grant TCS's "motion for continuance of the current trial setting now set for November 4, 2019 for six months."

On November 1, 2019, a hearing on Suretec's motion to dismiss the second lawsuit filed by Hall on behalf of TCS was held in the 269th district court. Hall

4

appeared at the hearing to represent TCS. There, the trial judge told the parties that the second lawsuit, instead of being dismissed, should best be consolidated into the first lawsuit pending in the 295th district court. After the hearing, Suretec filed an emergency motion to consolidate, stating that "TCS's claim against Suretec in the 269th Lawsuit is a duplicate of TCS's claim against Suretec in this suit. The relevant facts and evidence necessary for trial as to Suretec will be the same in both suits. Consolidation of the 269th Lawsuit into the prior-filed suit pending in this [295th] Court would promote judicial economy and resources." The hearing on the emergency motion was set for November 4, 2019.

On November 4, 2019, the trial court called the case to trial. Counsel representing the Defendants appeared. But TCS did not appear with counsel; instead, Young appeared on behalf of TCS. The trial court first heard Suretec's emergency motion to consolidate and granted the motion. Young tried to argue the motion for continuance he filed on behalf of TCS, but the court disallowed his argument explaining, among other things:

> Okay. Mr. Young, when you were here last time, back in . . . . Okay. It was August, back in August of 2019, which is now — September, October, November, about two-and-a-half months ago. . . . I specifically told you that you could not represent the LLC. I made it a real point of telling you that you could not represent the LLC. You cannot speak for the LLC. You cannot file motions for the LLC. Your motion for continuance, it is signed by you as if you were an attorney. Now, I will not be reporting anybody, but you cannot do that, okay? I cannot consider this motion because it is not properly filed, because it was not filed by an attorney on behalf of an LLC.

The trial court then heard the Defendants' motion to strike TCS's pleadings. The court granted the motion as TCS was not represented by counsel on the day of trial. It also granted a default judgment against TCS, dismissing all of TCS's claims against the Defendants. The trial court proceeded with trial, hearing evidence on

damages and attorney's fees regarding Ski Team's remaining counterclaims.

After trial, the court signed an order granting the motion to strike as well as a default judgment against TCS dismissing all of its claims. In its order, the court specifically stated:

> This case was previously set for trial the two-week period beginning August 19, 2019. At that time Plaintiff, Texas Construction Specialists LLC was represented by counsel, Tom Dickens.

> On or about August 27, 2019[,] at a hearing on Plaintiff's Motion for Continuance[,] the Court also simultaneously heard Counsel Dickens['s] Motion to Withdraw as Counsel. The Court signed the Order of withdrawal and granted Plaintiff its Motion for Continuance.

> At that hearing Mr. Mark Young, the corporate representative for Texas Construction Specialists LLC personally appeared. Mr. Young was advised by the Court that this would be the last continuance and that he would be unable to represent the Plaintiff, the LLC, because he was not a lawyer and the LLC must be represented by counsel. The Court informed Mr. Young that if he appeared before the Court without counsel at the next trial setting that if a Motion to Strike Plaintiff's pleadings was filed and default requested[,] I would have no option but to grant the motion. Mr. Young was strongly advised by the Court to obtain counsel for the LLC.

> The case was reset for trial for November 4, 2019.

> On November 4, 2019[,] the Court called the case for trial. Mr. Young appeared before the Court attempting to represent the LLC. Between August 27, 2019[,] and November 4, 2019[,] no appearance by a lawyer was made on behalf of the LLC.

> Defendants moved for a Motion to Strike the Plaintiff's pleadings and after considering the Motion the Court finds based upon the above that the Motion must be GRANTED.

The court also signed a final judgment on November 4, 2019, ordering TCS to pay Ski Team (1) damages for its breach of contract claim; (2) damages for the cost of bonds; and (3) attorney's fees incurred in this cause.

TCS filed a motion for new trial, which the trial court denied. This appeal

followed.

ANALYSIS

TCS presents four issues on appeal, arguing the trial court (1) abused its discretion by failing to grant TCS's motion for new trial; (2) erred by striking TCS's pleadings; and (3) erred by awarding Ski Team attorney's fees. We will consider these arguments in turn.

## I.  Striking TCS's Pleadings

We begin by addressing TCS's second issue, in which it contends that the trial court erroneously struck TCS's pleadings and rendered a default judgment against it because "no notice of the motion to strike was given" and TCS was represented by counsel.

TCS incorrectly claims that "no notice of the motion to strike was given" and that it had "no notice of the hearing or submission of the motion to strike." The record shows that the Defendants filed their motion to strike TCS's pleadings together with a "Notice of Submission on Defendants' Motion to Strike Plaintiff's Pleadings" on October 9, 2019. The notice stated: "Please be advised that the Motion to Strike Plaintiff's Pleadings filed by Defendants . . . is set for submission on October 21, 2019 at 8:00 a.m." Further, in its order granting the Defendants' motion to strike and dismissing all of TCS's claims, the trial court specifically stated that it had "informed Mr. Young that if he appeared before the Court without counsel at the next trial setting that if a Motion to Strike Plaintiff's pleadings was filed and default requested[,] [the court] would have no option but to grant the motion. Mr. Young was strongly advised by the Court to obtain counsel for the LLC." Young appeared at the trial setting on November 4 without counsel for TCS.

7

TCS also incorrectly claims it was represented by Hall at the time the trial court granted the Defendants' motion to strike pleadings on November 4, 2019, because the court (shortly before hearing that motion) had granted Suretec's motion to consolidate the second suit TCS had filed against Suretec into the first suit TCS had filed against the Defendants. TCS asserts that because it was represented by Hall in the second suit, it then automatically was represented by Hall in the first suit when the trial court consolidated the second suit into the first suit.

We reject TCS's contention that it was represented by Hall against all Defendants at the time the trial court struck its pleadings. Hall had explicitly moved to withdraw as counsel in the first lawsuit and that motion was granted. However, when the court consolidated the first and second suits, TCS was still represented by Hall in the second suit as to its claims against Suretec. Nothing in the record before us shows that Hall had moved to withdraw from the second suit or that either trial court had granted such a motion. A party does not lose the benefit of its counsel in a case through a consolidation of cases; therefore, we must conclude that — after the cases were consolidated here — TCS remained represented by Hall with respect to its second suit claim against Suretec alone.

Here, the Defendants moved to strike TCS's pleadings because TCS failed to obtain counsel after both its attorneys, Hall and Dickens, were allowed to withdraw in the first lawsuit. A limited liability company cannot represent itself in a lawsuit but must be represented by a licensed attorney. *See Sherman v. Boston*, 486 S.W.3d 88, 95-96 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). "Allowing a non-attorney to present a company's claim would permit the unlicensed practice of law." *Id*. at 95. However, TCS was represented by counsel at the time it filed its pleadings. And there is no case law that supports a trial court

striking properly filed pleadings for a limited liability company once the attorney who filed the pleadings withdraws. The withdrawal does not void the pleadings. Texas Rule of Civil Procedure 10 governs the withdrawal of attorneys and nothing in that rule suggests that a withdrawal would somehow nullify or even affect previously filed pleadings. *Cf. Blanche v. First Nationwide Mortg. Corp.*, 74 S.W.3d 444, 450 (Tex. App.—Dallas 2002, no pet.) (summary judgment motion filed by counsel who had not formally substituted into the case as provided for in Rule 10 was not void; "[n]othing in the rule states or even suggests that a motion filed by another attorney is void unless the rule's requirements are met").

A trial court may not sanction a limited liability company like TCS by striking its pleadings after its attorney withdraws because the limited liability company has done nothing sanctionable under Texas Rules of Civil Procedure 215 or 13 at that point and there are lesser remedies available, such as dismissal for want of prosecution. *See TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (trial court must consider lesser remedies); *Onwuteaka v. Gill*, 908 S.W.2d 276, 281 (Tex. App.—Houston [1st Dist.] 1995, no writ) (trial court abused its discretion by striking Onwuteaka's pleadings with prejudice when it could have "considered some lesser sanction other than striking Onwuteaka's pleadings, such as a dismissal for want of prosecution").

Thus, although the trial court correctly advised Young that TCS could not proceed without an attorney and that the court could not consider any new pleadings Young filed on behalf of TCS, the trial court nonetheless erroneously struck TCS's pleadings. Even so, the trial court's error is harmless under the circumstances of this case.

When Young presented for trial on behalf of TCS, this was not an "appearance" by TCS because it could not appear pro se but could only appear

through counsel. When a party fails to appear for trial, the proper remedy is to dismiss its case for want of prosecution. *Cf. Wilson v. H-Town Towing LLC*, No. 01-18-00805-CV, 2019 WL 1388018, at *1 (Tex. App.—Houston [1st Dist.] Mar. 28, 2019, no pet.) (mem. op.) (trial court can dismiss a case for want of prosecution if the party seeking affirmative relief fails to appear for trial). "A dismissal for failure to appear at trial or for want of prosecution should be without prejudice." *Arrow Marble, LLC v. Estate of Killion*, 441 S.W.3d 702, 707 (Tex. App.— Houston [1st Dist.] 2014, no pet.) (citing *Attorney Gen. of Tex. ex rel. Wash. v. Rideaux*, 838 S.W.2d 340, 341 (Tex. App.—Houston [1st Dist.] 1992, no writ) ("[A] trial court's authority to dismiss cases for want of prosecution does not confer upon it the authority to adjudicate and deny the merits of the dismissed claim.")); *Andrews v. ABJ Adjusters, Inc.*, 800 S.W.2d 567, 568 (Tex. App.— Houston [14th Dist.] 1990, writ denied) ("As a general rule, a dismissal for want of prosecution with prejudice is improper."). The trial court's judgment effectively did just that: it dismissed TCS's affirmative claims[2]; any error is harmless.

Likewise, regarding TCS's claim against Suretec (consolidated from the second suit into the first suit), the trial court's judgment dismissed the claim when TCS failed to appear with counsel at trial to prosecute the claim against Suretec. Any error in striking TCS's pleadings is harmless because TCS did not appear through counsel to prosecute claims despite having notice of trial.[3]

Therefore, based on the specific facts of this case, we conclude that the trial court erroneously struck TCS's pleadings but that any such error was harmless

---

[2] The trial court's judgment could be read to be a dismissal with prejudice, but TCS did not object to this in the trial court, thereby waiving any issue. *See Andrews*, 800 S.W.2d at 569 (dismissal "with prejudice" waived because appellant failed to preserve complaint by presenting alleged error to the trial court). TCS also raised no complaint on appeal.

[3] We address notice of trial further in section II.

because striking TCS's pleadings and then dismissing TCS's claims had the same result as if the trial court had used the proper remedy and dismissed TCS's claims for want of prosecution. Accordingly, we overrule TCS's second issue.

## II. Motion for New Trial

In its first issue, TCS asserts the trial court abused its discretion by denying TCS's "uncontested *Craddock* motion for new trial" because it had no notice of the trial setting.

### A. Standard of Review and Governing Law

A trial court's denial of a motion for new trial is reviewed for abuse of discretion. *In re Marriage of Sandoval*, 619 S.W.3d 716, 721 (Tex. 2021). It is well established Texas law that in order to set aside a default judgment under *Craddock*, the movant must show: (1) the failure to answer was not intentional or the result of conscious indifference on his part, but was due to accident or mistake; (2) the motion for new trial sets up a meritorious defense; and (3) granting a new trial will cause no undue delay or otherwise injure the party taking the default judgment. *See Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. [Comm'n Op.] 1939); *see also Sutherland v. Spencer*, 376 S.W.3d 752, 754 (Tex. 2012).

When a motion for new trial presents a question of fact upon which evidence must be heard, the trial court is obligated to hear the evidence if the facts alleged by the movant would entitle him to a new trial. *In re Marriage of Sandoval*, 619 S.W.3d. at 721. "And when the factual allegations in a movant's affidavit are not controverted, it is sufficient if the motion and affidavit provide factual information that, if taken as true, would negate intentional or consciously indifferent conduct." *Id*.

11

If a movant establishes that it had no actual or constructive notice of the trial setting, the movant has established the first *Craddock* element. *See Tex. Underground Utils., Inc. v. Sw. Bell Tel. Co.*, No. 01-19-00814-CV, 2021 WL 3356847, at *4 (Tex. App.—Houston [1st Dist.] Aug. 3, 2021, pet. filed) (mem. op.); *Limestone Constr., Inc. v. Summit Commercial Indus. Props., Inc.*, 143 S.W.3d 538, 544 (Tex. App.—Austin 2004, no pet.). Once the movant establishes such lack of notice, due process relieves it from the burden of proving the second and third *Craddock* elements. *See Tex. Underground Utils., Inc.*, 2021 WL 3356847, at *4; *Limestone Constr., Inc.*, 143 S.W.3d at 544; *see also Mathis v. Lockwood*, 166 S.W.3d 743, 744 (Tex. 2005) (per curiam) (holding lack of notice renders analysis under second *Craddock* element unnecessary and acknowledging, without deciding, that courts of appeals have also held that lack of notice renders analysis under third *Craddock* element unnecessary); *Lopez v. Lopez*, 757 S.W.2d 721, 723 (Tex. 1988) (per curiam) (movant without actual or constructive notice of trial need not show meritorious defense to be entitled to new trial); *In the Interest of L.H.*, No. 14-19-00960-CV, 2021 WL 3358249, at *2 (Tex. App.—Houston [14th Dist.] Aug. 3, 2021, no pet.) (mem. op.) (if party proves no notice was given of trial setting, court dispenses with the second and third *Craddock* elements). However, we presume that a trial court will hear a case only when notice has been given to the parties. *Felt v. Comerica Bank*, 401 S.W.3d 802, 806 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

## B.    Notice of Trial Setting

TCS contends the trial court called this case to trial on November 4, 2019, but TCS only received notice of a trial setting for November 5, 2019. TCS points to the trial court's order of August 27, 2019, granting TCS's motion for continuance and resetting trial for November 5, 2019. Contrary to TCS's assertion,

the record shows that TCS received proper notice and knew the trial court set trial in this case for November 4, 2019.

Although the trial court reset trial for November 5, 2019 (the seventh trial setting) when it granted TCS's motion for continuance, it thereafter sent notice to the parties that trial would commence on November 4, 2019. First, the court coordinator sent an email on October 24, 2019, to the Defendants' counsel and to TCS's representative, Young, because TCS still had not hired an attorney for representation. The email stated that the trial court "has this case on **STANDBY** starting the 11/4/19 trial docket. This status is for the two week docket starting November 4th, 2019." Young and the Defendants then received the following notice from the trial court via email on the morning of October 28, 2019: "Court has **ASSIGNED** this case to start 11/4/19 @ 1:30 p.m. Please be sure to file and exchange[] all pre-trial motions and documents."[4]

Further, Young acknowledged in a motion for continuance he filed on behalf of TCS on October 31, 2019, that he had notice that trial was set for November 4. He requested the trial court grant TCS's "motion for continuance of the current trial setting now set for November 4, 2019 for six months." Moreover, in Young's affidavit in support of TCS's motion for new trial, he avers that he received notice of the November 4, 2019 trial setting: "On October 28, 2019, I received an email from [the] Court Coordinator, stating that this case is assigned to start on November 4, 2019." Thus, the record establishes that TCS received and had notice of the trial setting for November 4, 2019.

---

[4] We note that because this was not the first trial setting, the parties were not entitled to "reasonable notice of not less than forty-five days" as required by Rule 245 to the parties of a first setting for trial; instead, when a case has previously been set for trial, the court "may reset a contested case to a later date on any reasonable notice to the parties." Here, TCS does not complain that notice was not reasonable but that it received no notice.

To the extent TCS asserts that Hall did not have notice of trial, we reject such a contention in this case. As we have stated, because we presume that the trial court will hear a case only when notice has been given to the parties, we begin with a presumption that a party had notice of the trial court setting. *Felt*, 401 S.W.3d at 806. To overcome this presumption, a party must affirmatively show its lack of notice. *Id*. "'This burden may not be discharged by mere allegations, unsupported by affidavits or other competent evidence, that the appellant did not receive proper notice.'" *Id*. (quoting *Campsey v. Campsey*, 111 S.W.3d 767, 772 (Tex. App.—Fort Worth 2003, no pet.)). Neither Hall nor Young denies in his affidavit that Hall had actual notice of the November 4, 2019 trial setting. No evidence in the record establishes that Hall did not have actual notice of trial as is required to overcome the presumption that he had notice of trial. *See id*. at 806, 808.

### C.  Uncontroverted Affidavits

TCS also argues in its appellate brief that the trial court should have granted its motion for new trial because Ski Team did not controvert the two affidavits TCS filed in support of its motion. In that regard, TCS states in its brief that "the party challenging a trial court judgment for lack of notice has the burden of proving there was not proper notice, and must produce evidence in addition to an allegation in a motion for new trial." It then states that "[h]ere, TCS filed ***uncontroverted*** affidavits from Mark Young and Ron Hall, that the failure to appear on November 4 was not intentional, but rather a belief that trial was set for November 5, and that TCS had counsel as of that date regardless. This is more than a sufficient explanation to trigger a new trial under *Craddock*."

As we already discussed, the record shows that (1) the trial court sent notice of the November 4, 2019 trial setting via email to TCS; (2) TCS was well aware

14

that trial was set for that date because Young stated as much in the motion he filed on behalf of TCS requesting the trial court grant TCS's "motion for continuance of the current trial setting now set for November 4, 2019 for six months;" (3) Young came to argue the motion for continuance on November 4, 2019; (4) Young's affidavit establishes that TCS in fact received notice of the November 4, 2019 trial setting because Young averred that he received an email on October 28, 2019, "stating that this case is assigned to start on November 4, 2019"; and (5) no evidence, including Hall's and Young's affidavits, establishes that Hall did not have actual notice of trial.

To the extent TCS's statement that the "failure to appear on November 4 was not intentional, but rather a belief that trial was set for November 5" is an attempt to satisfy the first *Craddock* element that its failure to appear with counsel for trial was not intentional or the result of conscious indifference because it cannot prove lack of notice, it is inconsequential in this case.

Even if we assume that TCS's statements provide a reasonable explanation for TCS's failure to appear for trial with counsel on November 4, 2019, and are sufficient to satisfy the first *Craddock* element, TCS has presented no arguments with regard to the second and third *Craddock* elements on appeal. TCS did not argue on appeal, as required by *Craddock*, that it established in its motion for new trial in addition to the first *Craddock* element also (1) a meritorious defense; and (2) that granting a new trial would not cause undue delay or otherwise injure Ski Team. *See Stewart v. C.L. Trammell Props., Inc.*, No. 05-04-01027-CV, 2005 WL 2234637, at *2 (Tex. App.—Dallas Sept. 15, 2005, no pet.) (supp. mem. op. on reh'g). In fact, TCS states at least twice in its brief that when there is no proper notice of trial, a movant need not establish the second and third *Craddock* elements to be entitled to a new trial—seemingly relying on its argument that it did not

15

receive proper notice and therefore did not need to establish the second and third *Craddock* elements.

It is not enough for a party to argue all three *Craddock* elements in its motion for new trial, but a party must also raise and address all three elements on appeal. *See In re Marriage of Williams*, No. 06-20-00095-CV, 2021 WL 1521978, at *2 (Tex. App.—Texarkana Apr. 19, 2021, pet. filed) (mem. op.) ("It is not enough for appellant to argue the *Craddock* elements only in his motion for new trial; rather, compliance with *Craddock* must also be raised on appeal."); *In re Marriage of Jackson*, No. 10-17-00403-CV, 2018 WL 4925780, at *1 (Tex. App.—Waco Oct. 10, 2018, no pet.) (mem. op.) (same); *Stewart*, 2005 WL 2234637, at *2 (same).

Because TCS had notice of the November 4, 2019 trial setting and failed to establish it was entitled to a new trial under *Craddock*, we conclude that the trial court did not abuse its discretion when it denied TCS's motion for new trial. Accordingly, we overrule TCS's first issue.

## III. Attorney's Fees

### A. Waiver

In its third issue, TCS contends that the trial court erroneously awarded Ski Team attorney's fees because Texas Civil Practice and Remedies Code section 38.001 only allows recovery against an individual or corporation.

Ski Team sought attorney's fees, among other things, under Texas Civil Practice and Remedies Code section 38.001(8), which provided at the time this case commenced that "[a] person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, if the claim is for . . . an oral or written contract." *See* Act of June 6, 1979, 66th

16

Leg., R.S., ch 314, 1979 Tex. Gen. Laws 718, 719 (amended 2021) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 38.001(a), (b)(8)).[5] On appeal, TCS argues that this statute does not authorize a person to recover attorney's fees against a limited liability company.

TCS is correct that this court has previously held that section 38.001 does not authorize the recovery of attorney's fees in a breach of contract action against a limited liability company. *See Alta Mesa Holdings, L.P. v. Ives*, 488 S.W.3d 438, 452-53 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). Nonetheless, we have held that a party wishing to argue on appeal that a statute does not authorize an award of attorney's fees must preserve its complaint in the trial court. *Enzo Invs., LP v. White*, 468 S.W.3d 635, 651 (Tex. App.—Houston [14th Dist.] 2015, pet. denied); *see also Petrohawk Props., L.P. v. Jones*, 455 S.W.3d 753, 782 (Tex. App.—Texarkana 2015, pet. dism'd). To preserve a complaint for appellate review, a party must present a timely request, objection, or motion that states the specific grounds for the desired ruling unless the specific ground was apparent from the context. Tex. R. App. P. 33.1(a); *see also Johnson v. Nat'l Oilwell Varco, LP*, 574 S.W.3d 1, 9 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

Here, TCS has not preserved its complaint for review. In its motion for new trial, TCS stated it "objects to the judgment as to the amount of damages, attorney's fees under Chapter 38 which are not segregated, and any other objections that TCS can make wherein the judgment cannot stand as a default based upon [Ski Team]'s pleadings and evidence." "[T]he cardinal rule for preserving error is that an objection must be clear enough to give the trial court an

---

[5] The amended text in section 38.001 is effective for attorney's fees in actions commenced on or after September 1, 2021 and provides that a person may recover attorney's fees from a limited liability company if the claim is for an oral or written contract. *See* Tex. Civ. Prac. & Rem. Code Ann. § 38.001(a), (b)(8).

opportunity to correct it." *Arkoma Basin Expl. Co. v. FMF Assocs. 1990-A, Ltd.*, 249 S.W.3d 380, 387 (Tex. 2008). This statement does not sufficiently apprise the trial court that section 38.001 does not authorize attorney's fees to be awarded against limited liability companies. Thus, TCS failed to preserve its complaint that section 38.001 does not authorize a person to recover attorney's fees against a limited liability company by failing to state its objection "with sufficient specificity to make the trial court aware of the complaint." *See* Tex. R. App. P. 33.1(a). Accordingly, we overrule TCS's third issue.

## B. Segregation of Fees

In its fourth issue, TCS argues that the trial court erred by awarding Ski Team attorney's fees when it did not properly segregate recoverable from unrecoverable fees. In that regard, TCS argues that Ski Team's attorney's fees "relating to its breach of contract issues" are unrecoverable under chapter 38 and, even though "fees under Texas Property Code" are recoverable, Ski Team made no effort to segregate these fees from the unrecoverable fees incurred for any breach of contract claim.

However, because TCS failed to preserve its complaint that Ski Team's attorney's fees are unrecoverable under section 38.001, these fees were recoverable. The trial court, thus, did not err in awarding them despite any alleged failure to segregate attorney's fees sought for a breach of contract claim from fees sought for a Texas Property Code claim TCS states are recoverable. Accordingly, we overrule TCS's fourth issue.

## CONCLUSION

We affirm the trial court's judgment.

18

/s/    Meagan Hassan
Justice


Panel consists of Chief Justice Christopher and Justices Hassan and Poissant.